UNITED STATES of America,
Appellant,

v.

David Emery SERFASS.

No. 73-1736.

United States Court of Appeals,
Third Circuit.

Submitted on briefs under Third Circuit
Rule 12(6) Dec. 19, 1973.

Decided Feb. 20, 1974.

Certiorari Granted April 22, 1974.
See 94 S.Ct. 1967.

James W. Walker, Asst. U. S. Atty.,
Scranton, Pa., for appellant.

Harry A. Dower, Boyd G. Hixson,
Dower, Mackson, Hauff & Hettinger, Allentown, Pa., for appellee.

Before VAN DUSEN, ALDISERT
and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal is hopefully one of the last of a long series of selective service cases involving the issue of whether an order to report for induction was invalid for failure of the local board to reopen the registrant's classification pursuant to a post-induction order request for conscientious objector status. Since the district court of the Middle District of Pennsylvania dismissed the indictment, the defendant also raises on appeal the issue of double jeopardy. Because we find the order of dismissal is appealable, and the dismissal was improper in light of the subsequent decision in Musser v. United States, 414 U.S. 31, 94 S.Ct. 196, 38 L.Ed.2d 190 (1973), we reverse.

The facts of this case are not in dispute. On November 16, 1970, Serfass[4] was ordered by his local board to report for induction on December 1. He appeared on December 1 and requested a delay in his induction in order that he could submit additional medical evidence. The delay was granted, but on December 18 he was again ordered to report for induction, this time on January 18, 1971. On December 29, he visited his local board and requested the form for conscientious objector application, SSS–150. His form 150 was returned to the local board on January 8, and on January 13 he received a courtesy interview as he had requested. By letter dated January 14, the board notified him that it had considered his entire file and "unanimously agreed that there was no change over which you had no control and decided not to re-open your file." The board also informed him that he was still obligated to report for induction on January 18. No other reasons for the refusal to reopen his file were given. On January 18, Serfass appeared at the examining station and refused induction. This prosecution followed under 50 App. U.S.C. § 462.

Before trial, Serfass moved for dismissal of the indictment on the ground that the local board had denied him due process by inadequately setting forth its reasons for denying his request to reopen his classification and to grant him conscientious objector status. The district court granted this motion, relying on defendant's selective service file, his affidavit in support of his motion which set forth that he had applied for conscientious objector status and had received from his local board only the January 14 letter denying his claim, and a stipulation of counsel that the information he sent to the board set forth a prima facie conscientious objector claim based upon late crystallization of beliefs.

On the basis of the law prevailing in this Circuit at that time, the district court stated in its opinion:

The enumerated facts indicate clearly that Serfass is entitled to full consideration of his claim prior to assignment to combatant training and service. Ehlert v. United States, 1971, 402 U.S. 99, 103–104 & n. 7, 107, 91 S.Ct. 1319, 28 L.Ed.2d 625. Therefore, since the statement of reasons given for refusing to reopen is sufficiently ambiguous to be reasonably construed as a rejection on the merits, thereby prejudicing his right to in-service review, defendant's motion to dismiss the indictment will be granted. [Footnotes omitted.]

The footnotes indicate that the court relied primarily upon United States v. Ziskowski, 465 F.2d 480 (3d Cir. 1972), and United States v. Folino, No. 72–1974 (3d Cir. June 29, 1973).

### I.

We first consider defendant's contention that we have no jurisdiction to hear this Government appeal from the district court's dismissal of the indictment. Resolution of this contention turns upon our construction of the Criminal Appeals Act, 18 U.S.C. § 3731, which reads:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

\* \* \* \* \* \*

The provisions of this section shall be liberally construed to effectuate its purposes.

This version of the Act is applicable to all actions begun in any district court after January 2, 1971 (84 Stat. 1890, 1893) and therefore applies to the present action.

Actions brought prior to January 2, 1971, were governed by an earlier ver-

sion of the Criminal Appeals Act, the relevant portion of which made a criminal case appealable by the United States to the court of appeals:

> [f]rom a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, except where a direct appeal to the Supreme Court is provided by this section.

*See* United States v. Pack, 247 F.2d 168 (3d Cir. 1957).

Under this former version of the Act it is clear that no appeal by the United States would lie in the instant case. Appeals were permissible only if the dismissal of an indictment was based upon a defect in the indictment or in the institution of the prosecution, rather than upon evidentiary facts outside the face of the indictment which would possibly constitute a defense at trial. *See, e. g.,* United States v. Ponto, 454 F.2d 657, 663 (7th Cir. 1971) (en banc); United States v. Findley, 439 F.2d 970 (1st Cir. 1971).

The 1971 amendment to § 3731, however, was clearly intended to enlarge the Government's right to appeal to include all cases in which such an appeal would be constitutionally permissible. Cases decided under the prior version of § 3731 are of little aid in determining appealability under the present version. *See* United States v. Pecora, 484 F.2d 1289 (3d Cir. 1973).

In *Pecora*, we held appealable under the present version of § 3731 the district court's pretrial dismissal of an indictment based upon a stipulation of the facts upon which the indictment was returned.

In discussing the appealability of the pretrial dismissal, we indicated that absent the defendant's waiver of his right to a jury trial pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, jeopardy does not attach until the jury has been impaneled and sworn. We held that entering into the stipulation of facts "for the purpose only of attacking the validity of the indictment did not constitute the waiver necessary under Rule 23(a)." Therefore, we concluded, since jeopardy had not attached at the time of the pretrial dismissal of the indictment, the Government could appeal the dismissal. United States v. Pecora, 484 F.2d at 1292–1293. We also rejected as inconsistent with § 3731 the contention that our holding would discourage defense counsel from expediting procedure by making pretrial motions for dismissal, and instead encourage counsel to wait until the jury was sworn before making motions for dismissal. 484 F.2d at 1289. *See* Fed.R.Crim.Proc. 12(b).

We believe the instant appeal is squarely controlled by United States v. Pecora, *supra.* As in *Pecora*, the pretrial motion of dismissal was based upon undisputed facts raising a legal issue and the defendant did not waive his right to a jury trial.[1]

Although the instant dismissal was based upon the trial court's finding that the defendant had established a defense

---

1. The district court in this case expressly found that the defendant did not waive his right to a jury trial. Not only were none of the procedures required by Rule 23(a) complied with, but attached to the motion to dismiss the indictment was a motion to postpone the trial until after the disposition of the motion on the merits. *Cf.* United States v. Wilson, 492 F.2d 1345 (3d Cir., filed January 15, 1974) (opinion sur denial of panel rehearing) (*post-trial* directed verdict of acquittal).

*Pecora* distinguished United States v. Hill, 473 F.2d 759 (9th Cir. 1972), which held unappealable the district court's pretrial dismissal of an indictment alleging the mailing of obscene advertisements. The dismissal was on the ground that the stipulated materials were not legally obscene. *Hill* was distinguished on two grounds. First, the Court of Appeals in *Hill* did not determine whether the defendant had waived his right to a jury trial. Second, in *Hill* "evidence was actually entered into the record. The district court determined the character of that evidence so it may be said that jeopardy had attached." We do not consider this second distinction between *Pecora* and *Hill* to permit our holding the instant order unappealable. To the extent that *Pecora* and *Hill* may be inconsistent, we are of course bound by *Pecora*

as a matter of law, rather than upon the finding, as in *Pecora,* that there were insufficient facts as a matter of law to support a conviction, we see no significant constitutional difference between the two situations. Both involved a determination as to the legal sufficiency of certain facts, and in either case denial of the motion to dismiss entitled the defendant to the jury trial which he has not waived. We therefore hold that jeopardy did not attach and the dismissal of the indictment in the instant case was an appealable order.[2]

## II.

Our consideration of the merits of the Government's appeal requires a cursory review of the line of cases in this circuit upon which the district court's dismissal of the indictment was based. At all pertinent times, the post-induction order reopening of a registrant's selective service classification by his local board was governed by Regulation 1625.2, 32 CFR § 1625.2, which provided that,

> [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . unless the local board *first specifically finds* there has been *a change in the registrant's status resulting from circumstances over which the registrant had no control.*[3] [Emphasis supplied.]

In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), a registrant who had submitted a post-induction order conscientious objector claim refused induction after being notified by his local board that,

> [I]t had declined to reopen his classification because the crystallization of his conscientious objection did not constitute the "change in the registrant's status resulting from circumstances over which the registrant had no control" required for post-induction notice reopening.

402 U.S. at 100, 91 S.Ct. at 1321. The Supreme Court affirmed the ensuing conviction, rejecting the registrant's claim that crystallization of conscientious objection is a circumstance over which he had no control. While agreeing that the language of the regulation was "not free from doubt," the Court regarded as controlling the Government's "plausible" and "consistently urged" interpretation that the regulation only applied to "objectively identifiable" and "extraneous" circumstances, 402 U.S. at 104, 91 S.Ct. 1319, and that reopening was not required for a change in beliefs.

Furthermore the Court held this interpretation to be a valid timeliness rule, since the military already had procedures for handling in-service conscientious objector claims, and post-induction order claims could legitimately be decided by the military forum as long as

---

2. *Accord:* United States v. Martin Linen Supply, 485 F.2d 1143 (5th Cir. 1973); United States v. Brown, 481 F.2d 1035 (8th Cir. 1973).

   *Contra:* United States v. Southern Railway Company, 485 F.2d 309 (4th Cir. 1973); United States v. Rothfelder, 474 F.2d 606 (6th Cir.), cert. denied, 413 U.S. 922, 93 S. Ct. 3066, 37 L.Ed.2d 1044 (1973); United States v. McCreery, 473 F.2d 1381 (7th Cir. 1973).

   *See also:* United States v. Hill, 473 F.2d 759 (9th Cir. 1972), distinguished by this court in *Pecora. See* note 1 *supra.*

3. Regulation 1625.2, 32 CFR § 1625.2 in pertinent part provided:

> The local board may reopen and consider anew the classification of a registrant . . . upon the written request of the registrant . . . if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would *justify a change in the registrant's classification;* . . . provided.
>
> . . . the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

claimants were not subject to combatant training or service until their claims had been acted upon.

The Court held, however, that "a 'no man's land' would be intolerable," 402 U.S. at 104 n. 7, 91 S.Ct. at 1323, and a conscientious objector claimant must be given some opportunity to have his claim heard on the merits, either by his local board or by the military, whenever the change in his beliefs occurred. The Court therefore felt obligated to look at existing military procedures to determine whether the requirement that all claimants receive some forum to present their claims was met in practice. Although recognizing that the "somewhat inconsistent" military regulations "contained formulations seeming to look the other way," 402 U.S. at 106, 91 S.Ct. at 1324,[4] the Court relied upon a letter written by the General Counsel of the Army which stated that present practice, as well as practice when the registrant had been ordered to report for induction, permitted presentation to the military of such post-induction order conscientious objector claims, and that there was no possibility that late crystallizers would find themselves without a forum in which to present their claims. The Court accepted this statement, warning that if a situation should arise "in which neither the local board nor the military had made a full opportunity to present a prima facie conscientious objector claim for determination under established criteria, . . . a wholly different case would be presented." 402

U.S. at 107, 91 S.Ct. at 1325. The Court concluded by stating that,

> [W]e hold that the Court of Appeals did not misconstrue the Selective Service regulation in holding that it barred presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date.

402 U.S. at 107–108, 91 S.Ct. at 1325.

United States v. Shomock, 462 F.2d 338 (3d Cir. 1972), raised the question of whether *Ehlert* had overruled our decision in Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970), and this court answered in the negative. The registrant had filed a post-induction order conscientious objector claim and had refused induction after being informed by the local board that the information he had submitted did not warrant reopening of his classification.

This court reversed the ensuing judgment of conviction. First, we held, under *Scott* the local board was obliged to inform the registrant of the basis for its denial of his claim, whether it was for "lack of jurisdiction or some other technical reason or was a decision based on the merits of Shomock's claim." 462 F.2d at 346. Furthermore, we held, *Ehlert* did not compel a different result because in the case at hand there was doubt that the registrant would in fact have received a full and fair hearing by the military of his conscientious objector claim. First, this court feared that the military might rely on AR 635–20 ¶ 3 (b)(2),[5] not cited in *Ehlert,* to deny the

---

4. The Court cited Army Regulation No. 635–20, ¶ 3:

   a. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the military service.

   b. Federal courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes waiver of the right to claim . . . . Requests for discharge after entering military service will not be favorably considered when—

   (1) Based on conscientious objection which existed, but which was not claimed prior to notice of induction, enlistment or appointment.

5. AR 635–20, ¶ 3(b) provides:

   . . . Requests for discharge after entering military service will not be favorably considered when—

   \*     \*     \*     \*     \*

   (2) Based solely on conscientious objection claimed and denied by the Selective Service System prior to induction.

   This provision is quoted in United States v. Ziskowski, 465 F.2d 480, 485 (3d Cir. 1972).

registrant an in-service hearing on the merits of his claim on the ground that his claim had already been denied by the local board prior to induction.

Second, we noted that AR 635–20 ¶ 3(b)(1) at the time the registrant had refused induction and until August 15, 1970, precluded on its face in-service review of conscientious objector claims which arose before induction, even if the claim arose after the registrant had received his induction notice.[6] This court therefore did not consider persuasive a letter addressed to it by the General Counsel of the Department of the Army which apparently relied upon the *amended* version of ¶ 3(b)(1), cited in *Ehlert*. The letter stated that Army practice was to permit in-service review of post-induction order conscientious objector claims which had been denied by a local board solely because of late crystallization of beliefs.[7]

For both of these reasons, the military might have refused to consider the registrant's claim on the merits, even though the local board might have rejected his claim by relying solely upon *Ehlert* without reaching the merits of his claim. There was a strong possibility, therefore, that the registrant had been placed in the "no man's land" condemned by *Ehlert*, with no opportunity to have his post-induction order conscientious objector claim considered on the

merits. His induction order was therefore held invalid.

The same issue was presented in United States v. Ziskowski, 465 F.2d 480 (3d Cir. 1972). The registrant had filed a post-induction order conscientious objector claim, and in response had received, following an interview, a letter stating that,

It is the determination of the board that there has been no change in your status resulting from circumstances over which you had no control. Your classification has not been reopened.

465 F.2d at 481. On the authority of *Scott, supra,* this court reversed the ensuing conviction for refusing induction. We distinguished *Ehlert* by noting that the local board in that case had indicated that its refusal to reopen the registrant classification was based on its finding that crystallization of conscientious objector beliefs was not a circumstance over which the registrant had no control. In the case before the court, however, it was not clear whether the denial was for this reason or for any one of several other reasons. *See* 465 F.2d at 482–483.

Moreover, this court found "substantial support" for this result from *Ehlert* itself. Relying on AR 635–20 ¶ 3(b)(2),[8] not cited in *Ehlert*, the court reasoned that even if the military interpreted that regulation to bar only

6. The provision had read as follows:
. . . Requests for discharge after entering military service will not be favorably considered when—
(1) Based solely on conscientious objection which existed but was not claimed *prior to induction,* enlistment, or entry on active duty for training. [Emphasis supplied.]
On August 15, 1970, the emphasized language was amended to read "prior to notice of induction." The amended version was quoted in *Ehlert. See* note 4 *supra.*

7. The relevant portions of the letter asserted the following:
If the appellant had entered the Army in May 1969 under circumstances where the Selective System actually considered and denied his conscientious objector claim on

the merits, he would not have been entitled to an in-service determination on the merits of his conscientious objector claim.
If the appellant had entered the Army in May 1969 under circumstances where his local draft board merely refused to reopen his classification because his asserted views crystallized subsequent to the receipt of his induction notice, in the view of the Department of the Army personnel responsible for administering the conscientious objector claims of in-service members, he would have been entitled under Army policy to an in-service determination on the merits of his conscientious objector claim.
462 F.2d at 345 n. 17.

8. *See* note 5 *supra.*

in-service review of claims which had been denied *on the merits* by a local board,[9] the military might reasonably have construed the Board's action as to Ziskowski as having been a determination on the merits precluding in-service review. Therefore Ziskowski would have been in the "no man's land" which had been disapproved by *Ehlert.* The local board might have denied his claim for procedural reasons, while the military, interpreting the local board's denial as having been on the merits, might have then refused to consider his claim.

In United States v. Folino, No. 72–1974 (3d Cir., June 29, 1973), this court reversed a selective service conviction on the authority of *Ziskowski.*

The Supreme Court appears to have placed an abrupt end to this line of cases, however, by its recent per curiam decision in Musser v. United States, 414 U.S. 31, 94 S.Ct. 196, 38 L.Ed.2d 190 (1973). That case involved the consolidated appeal by two selective service registrants who had been convicted for refusing induction after having their post-induction order conscientious objector claims rejected by their local boards. One registrant had received a letter from his board stating that the board "did not specifically find there has been a change in status resulting from circumstances over which you had no control." The other registrant had received a letter stating simply that. the board "found no ground for reopening your classification."

Petitioners relied upon *Ziskowski, Shomock,* and United States v. Alioto, 469 F.2d 722 (1st Cir. 1972), a similar case. The Supreme Court flatly rejected the reasoning of these cases. In answering the argument that the military might consider the local board's refusal to reopen to have been on the merits when it was in fact procedural, the Court stated that *Ehlert* had held that a local board was "without power" to rule on the merits of a post-induction order conscientious objector claim, and

> [f]rom this it follows that in no event can a mere refusal to reopen signify more than a recognition of lack of power to do so; it cannot and does not bear any significance as to the merits of a registrant's claim.

\* \* \* \* \* \*

> [N]o matter what the board's apparent motivations in refusing to reopen the petitioner's classification may have been, the boards were simply without power to reopen, and an expressed or unexpressed indication of the board's views of the claims cannot be deemed a denial of those claims on the merits.

As in *Ehlert,* the Court then turned "to a consideration of whether 'the conditions for the validity of such a rule . . . are met in practice.'" The Court noted AR 635–20, ¶ 3(b)(2), which seemed to bar in-service review of a claim which had been "claimed and denied" before induction.[10] The Court stated that,

> While the critical word "denied" might arguably be applied to a board's refusal to reopen a classification, it cannot be so applied to a refusal to reopen a classification based on a claim of conscientious objection crystallizing after issuance of a notice to report, now that Ehlert has made clear that such a refusal can only be based on the board's lack of power to reopen in such a posture.

The Court also relied upon the letter written by the General Counsel of the Department of the Army which we had considered in *Shomock,*[11] and which stated that when a refusal to reopen by a local board is not based on the merits, the registrant could receive a full in-service hearing on the merits. The Court concluded that,

> In the event that a local board in one way or another manifests its views as

9. As noted in *Ziskowski,* this interpretation was later adopted explicitly. 465 F.2d at 485 n. 12.

10 *See* note 5 supra.

11. *See* note 7 *supra.*

to the sincerity of late-crystallizing registrants' claims, such expressions must be given no effect by the armed forces in reviewing an in-service conscientious objection request.

Mr. Justice Douglas, in dissent, pointed out that "[t]he opinions summarily affirmed today conflict squarely, as the Solicitor General concedes, with decisions in the First, Second, and Third Circuits." Included in the list of cases that follows this statement are *Shomock, Ziskowski,* and *Folino.* We agree that these three cases are inconsistent with *Musser* and for that reason are no longer the law.

 *Musser* was decided after the district court dismissed the indictment in this case, and of course long after Serfass himself refused induction. We must therefore decide whether *Musser* is to be applied retroactively to registrants who refused induction before the case was decided.

We have no hesitation in answering this question in the affirmative. *Musser* did not announce any new principle of law. Rather, the case, by relying on indications of military policy which were already before us in *Shomock* and *Ziskowski,* held that our interpretation of military policy in those cases was incorrect; there was no danger that the registrants whose convictions we had reversed would have found themselves in a "no man's land."

Furthermore, the two registrants whose convictions were affirmed in *Musser* had refused induction in February 1969 and January 1971, respectively. Serfass, as noted, refused induction in January 1971. *Musser* appears to hold, therefore, that even at the time Serfass

refused induction, he would have been permitted by military policy to obtain an in-service review of his conscientious objector claim. He therefore cannot justify his refusal of induction on the ground that he faced the "no man's land" of *Ehlert,* even though his local board did not explain why it had denied his conscientious objector request.[12]

The order of the district court granting the motion to dismiss the indictment will be reversed. The case will be remanded to that court for trial or other proceedings consistent with this opinion.

---

12. *Ehlert* was decided on April 21, 1971. Serfass refused induction after *Scott* but before *Ehlert.* The Court in *Musser* implicitly held *Ehlert* retroactive, however, since it interpreted *Ehlert* as requiring the affirmance of two convictions for refusing induction, even though both ·acts had taken place before *Ehlert* was decided.

We note that since neither conviction affirmed by the Court in *Musser* involved a

refusal of induction in a circuit in which the prevailing case law was at the time clearly contrary to *Ehlert,* the Court did not necessarily decide whether actual good faith reliance on pre-*Ehlert* case law might negate the element of willfulness necessary to sustain a conviction. *See, e. g., United States v. Mercado,* 478 F.2d 1108 (2d Cir. 1973).