**Grant LOCKRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49773.**

Court of Criminal Appeals of Texas.

April 30, 1975.

Rehearing Denied May 21, 1975.

John E. Trube, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Howard W. Britain, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of sale of marihuana, shown to have occurred January 9, 1973. Punishment was assessed at five years probated.

In his sole ground, appellant complains of error of the trial court in overruling his plea of former jeopardy.

When the case was called for trial on March 25, 1974, a hearing was had before the court on appellant's plea of former jeopardy. The record of the proceedings in that hearing reflects that on Tuesday, March 12, 1974, the case was called for trial and a jury was selected and sworn. Since the court was then engaged in another narcotic trial, the jury was excused until 1:30 P.M., Thursday, March 14. The indictment was not read to the jury, and appellant did not plead to the indictment.[1]

During the morning of March 14, the court was notified by the prosecuting attorney that an important State witness was in Michigan, and it was not known when he would return. Also, the trial of the other narcotic case had not been finished. The trial judge informed the defense attorney of these matters, and further told him that the court was apprehensive about leaving the jury out over the weekend for fear the jurors might "become contaminated with extraneous information." Although the evidence raised a fact issue concerning the conversation, the court stated that counsel for appellant readily agreed to have the jury discharged and, in fact, was delighted at the turn of events. Thereupon, the court instructed the clerk to notify the jurors that they were discharged.

The trial court overruled the plea of former jeopardy, and on March 25th proceeded with the trial of the case before another jury.

As stated in his brief, "It is appellant's position that at the time the jury was discharged by the Trial Court, the Defendant was in danger of conviction and punishment. The hazard was present and the peril of his situation apparent."

However, although both the State and appellant had announced ready, and the jury had been empaneled and sworn, the indictment had not been read to the jury and appellant had not plead before the jury.

In Vardas v. State, 518 S.W.2d 826 (1975) we held that "jeopardy does not attach until a defendant pleads to the indictment", and that "mere pleading at arraignment does not place a defendant in judicial jeopardy."

The statement in Serfass v. United States, — U.S. —, 95 S.Ct. 1055, 43 L.Ed. 2d 265: "in the case of a jury trial, jeopardy attaches when the jury is empaneled" is dictum as to the issue before the Court, and is not supported by the authorities there cited. The question before the Court was "whether a court of appeals has jurisdiction of an appeal by the United States from a pretrial order dismissing an indictment based on a legal ruling made by the District Court after an examination of rec-

1. The docket sheet has a notation that appellant had been arraigned on May 2, 1973, and had plead not guilty.

**528**

ords and an affidavit setting forth evidence to be adduced at trial." The 3rd Court of Appeals held that it had jurisdiction, and that jeopardy had not attached. United States v. Serfass, 3 Cir., 492 F.2d 388. The holding of the Supreme Court is expressed in the final sentence of its opinion as follows:

"We hold only that the Double Jeopardy Clause does not bar an appeal by the United States under 18 U.S.C. § 3731 with respect to a criminal defendant who has not been put to trial before the trier of facts whether the trier be a jury or a judge. United States v. Jorn, [400 U.S. 470, at 479, 91 S.Ct. 547, at 554, 27 L. Ed.2d 543]."

In a jury case, this Court has consistently held that a defendant has not been "put to trial" until he has plead to the indictment before the jury.

Neither is Illinois v. Somerville, 410 U. S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), cited in *Serfass*, supra, controlling. There, after the jury had been empaneled and sworn, the indictment was discovered to be fatally defective, and the State's motion for a mistrial was granted. Subsequent trial was on a new indictment. The Court held that jeopardy had not attached. See Ward v. State, 520 S.W.2d 395, (1975).

The other case cited in support of the dictum in *Serfass*, supra, is Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100. In that case, the facts show that the Court, in its ruling that jeopardy had attached, relied on the fact that counsel for accused objected in open court to the mistrial. In the instant case, the facts show that defense counsel had readily agreed that the situation called for the dismissal of the jury and a mistrial.

Likewise, in United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed. 543 (1971), lack of consent to "abort the proceeding" was a determining issue in the Court's holding that jeopardy had attached.

We conclude, under the facts of the instant case, that jeopardy had not attached. Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.