**Jose Sanchez VASQUEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-81-333-CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 17, 1983.

Discretionary Review Granted
May 25, 1983.

Charles Manning, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction by a jury for arson. Appellant challenges the sufficiency of the evidence, contends that the appellant was never asked to plead to the indictment before the jury and argues that the jury was not properly impaneled. In a pro se brief, appellant complains of ineffective assistance of counsel.

We affirm.

The conviction is based solely on circumstantial evidence. Appellant did not testify but presented an alibi defense.

Viewing the evidence in the light most favorable to the verdict, *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978), the record shows that around midnight on May 8, the house of Mr. and Mrs. Freddie Diaz was set on fire. Mr. Diaz was at work and Mrs. Diaz and her two children were home at the time of the fire. Mrs. Diaz heard a car drive up to her driveway and she looked outside and saw her sister's car leaving the scene. She contacted her sister and was informed that the man she had lived with for 3½ years (appellant) had possession of the car. Appellant took possession of the car on May 3 when he beat her

up and she decided not to live with him anymore. Mrs. Diaz' sister was hiding from appellant and her family intentionally gave appellant the erroneous information that she was staying with Mrs. Diaz. The evidence also showed that the fire was ignited with gasoline and that within an hour before the fire, appellant purchased a quantity of gasoline from a service station located about a block from the Diaz' residence. The gasoline was placed in a "Peak" antifreeze container that appellant got from the service station attendant. It was apparent to the service station attendant that appellant had been drinking at the time he purchased the gasoline.

■ It is well settled that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr. App.1977). However, it is not necessary that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted by the combined and accumulative force of all the incriminating circumstances. *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977). Each case must be considered on its own facts and circumstances and on its own merits. *Paulus v. State,* 633 S.W.2d 827 (Tex.Cr.App.1981).

The offense of arson is defined in Tex.Penal Code Sec. 28.02(a), in part as:

"(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

(1) knowing that it is within the limits of an incorporated city or town;

\* \* \* \* \* \*

(4) knowing that it is located on property belonging to another;

(5) knowing that it has located within it property belonging to another; or

(6) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another."

The indictment charged that appellant did "... start a fire and cause an explosion with intent to damage or destroy a habitation, knowing said habitation was within the limits of an incorporated city and town, to wit, Three Rivers, Texas, and knowing that said habitation was located on property belonging to another, to wit, Freddie Diaz; ..."

■ In his first ground of error, appellant alleges that there was insufficient evidence to allow the conclusion that appellant knew the burnt structure was within the limits of an incorporated city, to wit, Three Rivers, or that appellant knew the burnt structure was on property belonging to another, to wit, Freddie Diaz. Both Freddie Diaz and his wife testified that their residence was within the city limits of Three Rivers. The evidence also showed that appellant had been in the home on several occasions with Mrs. Diaz' sister. Though there was no evidence to show that Three Rivers was an incorporated city or town, this situation is analogous to instances where the court has taken judicial notice that a particular city is in a particular county. See *Bell v. State,* 166 Tex.Cr.R. 340, 313 S.W.2d 606 (Tex.Cr.App.1958); *Payne v. State,* 596 S.W.2d 911 (Tex.Cr.App.1980). Though it would have been better for the State to prove that Three Rivers was an incorporated city, such omission was not reversible error. Appellant's first ground of error is overruled.

In his second ground of error, appellant alleges that he was never asked to plead to the indictment before the jury and, therefore, the case must be reversed and remanded.

■ The record shows that the indictment *was* read to the jury but it fails to show that the appellant entered his plea of "not guilty" in the presence of the jury as required by Art. 36.01 of the Tex.Code Crim.Pro.Ann. (Vernon's 1981). These are mandatory provisions and generally the failure to comply with this statute would constitute reversible error. *Peltier v. State,* 626 S.W.2d 30 (Tex.Cr.App.1982); *Garcia v.*

*State,* 629 S.W.2d 196 (Tex.Cr.App.—Corpus Christi 1982, d.r. ref'd). However, in our case there was no objection made at the trial and the issue was not raised in a motion for new trial. Art. 44.24(a) Tex. Code Crim.Pro.Ann (Vernon's 1979), provides, in pertinent part:

> "The Court of Criminal Appeals shall presume ... that the defendant was arraigned; that he pleaded to the indictment; ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

Furthermore, the judgment recites in part: "thereupon a jury, ... was selected impaneled and sworn, and after hearing the indictment read, the defendant's plea of not guilty thereto and the evidence submitted ..." As is readily apparent our facts are different than those in *Peltier v. State,* supra. In *Peltier,* the issue was raised in the Motion for New Trial *and both sides stipulated that the indictment had not been read and the defendant had not entered his plea in the presence of the jury.* No reversible error is shown. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that four jurors were improperly excluded from the final panel. The record discloses that no objections were made by appellant to the proceedings with respect to the jury selection. The burden of proof is on appellant to show that he was forced to accept an objectionable juror. *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App. 1979). This he failed to do. Appellant's third ground of error is overruled.

In his pro se brief, appellant alleges that his appointed counsel was ineffective because "he did not question appellant carefully about the case," he failed to object to the introduction of five pictures which depicted the results of the fire and failed to object to the introduction of a "Peak" container found at the scene; and that counsel failed to call several other alibi witnesses.

In evaluating whether a person has been deprived of effective assistance of counsel, the Court of Criminal Appeals has approved the test of "reasonable" effective assistance of counsel. The test does not require errorless counsel or counsel judge in effective by hindsight but rather counsel reasonably likely to render and rendering a reasonably effective assistance. *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Cr.App.1974); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr. App.1980), ANNO. 17 A.L.R.4th 546.

 In the case at bar, there was no showing that favorable evidence for appellant was overlooked or that improper evidence was introduced.

Finding no reversible error, the judgment of the trial court is affirmed.