**STATE of Texas ex rel. H. OWNBY, Criminal District Attorney of Collin County, Texas, Relator,**

v.

**Honorable Robert F. HARKINS, Presiding Judge, County Court at Law No. 2 of Collin County, Respondent.**

No. 05–85–01121–CV.

Court of Appeals of Texas, Dallas.

Feb. 4, 1986.

Rehearing Denied March 13, 1986.

H. Ownby, Crim. Dist. Atty., Collin County, Randall Blake, Asst. Dist. Atty., Collin County, McKinney, for relator.

George Roland, Nick Warden, McKinney, for respondent.

Before AKIN, GUILLOT and McCLUNG, JJ.

GUILLOT, Justice.

This is an original proceeding brought by the Criminal District Attorney of Collin County, seeking a writ of mandamus directing the Honorable Robert F. Harkins, Judge of County Court at Law No. 2 of Collin County, to set aside his order directing a verdict of not guilty in a criminal case. (*The State of Texas v. Harold Clay Mulanax*, No. 2–594–85 County Ct. at Law No. 2, Collin County, June 12, 1985). The State also seeks reinstatement of the Mulanax case on the docket of the trial court and an order directing the respondent to set a trial date. For the reasons stated below, we conditionally grant the writ of mandamus.

On June 12, 1985, two criminal cases were set for trial before the County Court

at Law No. 2 at 9:00 a.m. Respondent was the presiding judge. The first case proceeded to trial and the defendant entered a plea of not guilty and waived a jury trial. At 9:20 a.m. the State rested in that case without presenting any evidence. The court, on defense motion, then granted an instructed verdict in favor of the defendant. The court then called the Mulanax case, which was the other case on the docket, for trial on the merits and the following occurred:

THE COURT: State of Texas vs. Harold Clay Mulanax.

[DEFENSE COUNSEL] MR. ROLAND: Defense is ready Judge. I was told yesterday by Mr. Abel that Jeff Pierce was going to try the case, yesterday afternoon. And I looked for Mr. Pierce and couldn't find him.

THE COURT: It's 9:20. Is the State ready to proceed?

(No response)

THE COURT: Do you have a motion?

MR. ROLAND: At this time we move for a directed verdict.

THE COURT: I note that the State has failed to appear though notified that this case was set for trial at 9:00 o'clock. The defense Motion for Directed Verdict is granted.

MR. ROLAND: (To the Jailer) You show a Dallas hold on him don't you?

THE JAILER: Yes.

MR. ROLAND: This defendant does have a hold, Dallas County.

(Recess in proceedings)

THE COURT: Is there some matter you wish to take up on the record?

[STATE'S ATTORNEY] MR. PIERCE: Yes. For the record, I was just informed at 9:30 that the case on Harold Mulanax, Number II–594–85 was dismissed on order of the Court—

THE COURT: No. sir; Motion for Directed Verdict was granted. The case was called, and the State failed to proceed with its case.

MR. PIERCE: I would like to state there was a district attorney up here at 9:00 o'clock this morning, and we have the witnesses available and ready to testify in the District Attorney's office. I was waiting around under the impression that the other case was proceeding first.

THE COURT: The Court called the cases at 9:00 o'clock, and on the State's first case a Motion for Directed Verdict was granted because the State did not have its witnesses.

The second case was called and there was no prosecutor, and a motion was made and granted. There was no prosecutor in this courtroom at the time the motion was granted, no prosecutor to proceed on the case.

In fact, as I understand it, it's twenty minutes of 10:00 now, and this is your first appearance on the case this morning, is that correct?

MR. PIERCE: But we did have a prosecutor available at 9:00 o'clock.

THE COURT: There was no prosecutor here at 9:00 o'clock when I called this case. When I called this case to trial there was no prosecutor in court ready to proceed.

MR. PIERCE: May I ask if anyone tried to get in touch with the DA's office?

THE COURT: I'm not subject to cross-examination here. I'm about an inch from holding you in contempt for failing to appear. You're obligated to appear as an attorney when cases are set for trial. There was no one here; certainly you did not appear until now, at twenty til ten. You're required like anyone else to appear when a case is set, and your failure to appear is the reason a directed verdict was granted against you for the defendant.

In the future when cases are set you will appear at the time when set or show cause. The Court is not here at your convenience. Your failure to appear has resulted in a verdict against you.

Do we have anything else? You're dismissed.

Over two months later, the court entered the following order:

### ORDER

BE IT REMEMBERED that on the 12th day of June, 1985, came on to be heard the above-styled and numbered cause. The State of Texas, although duly notified, failed to appear. The Defendant, having waived jury and entered his plea of Not Guilty, appeared in person and with attorney of record and moved that Directed Verdict of Not Guilty be entered herein.

The court is of the opinion that said motion should be, and is hereby GRANT-ED and a judgment of Not Guilty is hereby Ordered and Entered in this cause.

SIGNED this 23 day of August, 1985.

/s/ Robert F. Harkins

JUDGE PRESIDING

■ Although the order of the trial court recites that Mulanax entered his plea of not guilty, this recitation does not control because the statement of facts shows the contrary. *Perez v. State,* 578 S.W.2d 753, 754 (Tex.Crim.App.1979) *(en banc).* The statement of facts at trial affirmatively shows that no inquiry was made as to how Mulanax wished to plead and he did not enter a plea. Because no plea was entered, the trial, including the action of the trial court in granting a motion for a directed verdict of not guilty, was a nullity. *Willis v. State,* 389 S.W.2d 464 (Tex.Crim.App. 1965); and *Lumsden v. State,* 384 S.W.2d 143, 144 (Tex.Crim.App.1964).

■ There is a possibility that, prior to trial, Mulanax entered a plea at arraignment. If such a plea was made, it does not, however, save the trial from being a nullity because pleading at arraignment does not place a defendant in judicial jeopardy. *Lockridge v. State,* 522 S.W.2d 526, 527 (Tex.Crim.App.1975); and *Vardas v. State,* 518 S.W.2d 826, 827 (Tex.Crim.App. 1975), *overruled on other grounds, Jackson v. State,* 548 S.W.2d 685 (Tex.Crim. App.1977).

■ We now consider whether the writ of mandamus is a proper remedy in this case. The writ of mandamus is an extraordinary writ, and to justify this extraordinary remedy, the State must meet a two-fold test. *State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 481 (Tex.Crim.App.1985). First, there must be no other adequate legal remedy available to the State. *Id.* Second, the relief sought must be in the nature of a ministerial act by respondent, as opposed to a discretionary one. *Id.*

The first test is met because the State had no right to appeal the order of the trial court. *Id.* The second test is met because, in the absence of a plea, the trial was a nullity. *Lockridge,* 522 S.W.2d at 527; and *Vardas,* 518 S.W.2d at 827. Thus, the trial court had no discretion to entertain the motion for directed verdict and the State is entitled to a writ of mandamus.

We assume that respondent will vacate his order, reinstate the Mulanax case, and set a date for trial. If this is not done within thirty days of the date of this Court's order, a writ of mandamus will issue.

It is so ordered.

AKIN, J., files a concurring opinion.

AKIN, Justice, concurring.

The majority conditionally grants the writ of mandamus sought in this case on the basis that the judge was without authority to enter the judgment in this case. The majority's decision rests on its contention that, because the record does not show that the defendant did in fact enter a plea to the indictment, the "trial" was a nullity. I agree with the result reached by the majority, but for different reasons. Accordingly, I concur in the result only.

I agree with the majority that the statement in the order of the trial judge that "The Defendant ... entered his plea of Not Guilty" may not be conclusive in this case. *See Perez v. State,* 578 S.W.2d 753, 754 (Tex.Crim.App.1979) *(en banc).* However, a defendant may waive his right to enter a plea to the indictment, in which case the

judge will enter a plea of "Not Guilty" on his behalf. TEX.CODE CRIM.PROC.ANN. art. 26.12 (Vernon 1966). Thus, in a trial to a jury, by failure of a defendant to object to the jury charge and to the court order, both of which recite that he has entered a plea of not guilty, the defendant has waived his right to plead to the indictment and the court's statement constitutes entry of a plea of not guilty. *See Lumsden v. State*, 384 S.W.2d 143, 144 (Tex.Crim.App. 1964) (where defendant did object to both the jury charge and the court's order, he did not waive his right to enter a plea); *Seale v. State*, 158 Tex.Cr.R. 440, 256 S.W.2d 86, 88 (1953) (defendant failed to object to jury charge, thereby waiving his right to plead, and the judge also thereby entered a plea of not guilty for him). Similarly, I would hold that, in a trial to the judge, failure to object to an order reciting that the defendant had entered a plea results in a waiver of that right and thereby constitutes entry of a plea of not guilty on behalf of the defendant by the judge.

Furthermore, the majority apparently ignores article 44.24 of the Code of Criminal Procedure which provides in pertinent part:

(a) The courts of appeals ... shall presume that ... [the defendant] pleaded to the indictment or other charging instrument ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record.

(Vernon Supp.1986). There is no showing that failure to enter a plea was made an issue in the trial court. Thus, we must look to the record, to see if it "affirmatively" shows that a plea was not entered. Here, the record contains no such affirmative showing. At most, a portion of the record is silent on this issue, while another portion, the order of the court, affirmatively supports the presumption. Silence in the record does not amount to an "affirmative" showing. *See Ward v. State*, 168 Tex. Cr.R. 493, 329 S.W.2d 887, 888 (1959) (recitations in court's charge to the jury and in the judgment refuted the claim that no plea was entered); *Vasquez v. State*, 653 S.W.2d 492, 494–95 (Tex.App.—Corpus Christi 1983), *aff'd*, 665 S.W.2d 484 (Tex. Crim.App.1984) (although statement of facts failed to show that defendant entered his plea before the jury, the presumption in article 44.24 prevails where no objection was made at trial and the issue was not raised in a motion for new trial. Furthermore, the judgment recited that a plea of not guilty was entered). Thus, the presumption under article 44.24 should control in this case. Consequently, the purported lack of a plea cannot be a basis for holding that the "trial" in this case was a nullity.

However, I would still hold this purported trial to be void and of no effect because the trial judge had no authority to grant the defendant's motion for a directed verdict without the appearance by or approval of the State. The courts of Texas must look to the Constitution of this state, the statutes enacted by the legislature of this state, and the common law of this state for their authority to act. If such power has not been conferred upon them, and did not exist at common law, then the attempted exercise of such power by the court is ineffectual and void. *Malley v. State*, 125 Tex.Cr.R. 625, 69 S.W.2d 765, 766 (1934); *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174, 175 (1930).

It is clear that, if the action of the trial judge were characterized as a dismissal of the case, his action would be void because he has no authority to take such action. TEX.CODE CRIM.PROC.ANN. art. 32.02 (Vernon 1966); *Wallace v. State*, 145 Tex. Cr.R. 625, 170 S.W.2d 762, 764 (1943); *Malley*, 69 S.W.2d at 766; *State v. Anderson*, 26 S.W.2d at 176. Similarly, we have been cited to no source of authority in the trial court to render a directed verdict against the State in a criminal case for failure to appear when the case was called for trial. There is no contention that the Speedy Trial Act would apply to the facts here, nor is this an instance in which the State appeared but was unable to prove up its case. I consequently see no basis in the facts of

this case for upholding the trial court's rendition of, in effect, a default judgment.

Furthermore, provisions of the Code of Criminal Procedure indicate that the court has no such authority to render a default against the State. Article 2.03 provides in pertinent part:

> "(b) *It is the duty of the trial court,* the attorney representing the accused, the attorney representing the state and all peace officers to so conduct themselves as *to insure a fair trial for* both *the state* and the defendant ..." [Emphasis added.]

(Vernon 1977). This statute places an affirmative obligation upon the trial court to insure that the State, as well as the defendant, receives a fair trial. The trial court has not fulfilled this obligation when it enters a directed verdict against the State for failure of the prosecuting attorney to appear promptly.

In addition, another course of action was open to the trial court, which action would both protect the interests of the State and insure that trial was not unduly delayed due to the neglect or indifference, if any, of one prosecuting attorney. *See* TEX.CODE CRIM.PROC.ANN. art. 2.07 (Vernon 1977). Under this statute, the judge of the court could have appointed an attorney pro tem to perform the duties of office during the absence, if any, of the attorney for the State. Finally, the court may have been justified in imposing some sanctions against the attorney representing the State under these circumstances (*See e.g.* TEX. REV.CIV.STAT.ANN. art. 312 (Vernon 1973)), but such sanctions could not be imposed against the State itself, absent some affirmative grant of such authority.

Consequently, I would hold that, regardless of whether this action is characterized as a dismissal of the case without permission of the State's attorney or a default or directed verdict entered against the State without its appearance or approval, this action of the trial court was void. As a result, I concur only in the result reached by the majority in this case.