Jeffree SLYE–NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–90–00061–CR.

Court of Appeals of Texas, Tyler.

April 28, 1993.

Jeffree Slye–Nelson, pro se.

John F. Perry, Sulphur Springs, TX, for appellee.

Before BILL BASS, HOLCOMB and COLLEY,[1] JJ.

BILL BASS, Justice.

Jeffree Slye–Nelson, in a trial before the court, was convicted of four related traffic offenses. The convictions have been consolidated on appeal. We affirm in part and reverse in part.

Officer David Gilmore observed Slye–Nelson, driving a 1978 Cadillac, exceeding the 30 mile-per-hour speed limit in the city limits of Sulphur Springs. After he directed Slye–Nelson to pull over, the officer noticed the license plates of the Cadillac had expired. The officer further discovered that Slye–Nelson was driving without a valid driver's license and proof of financial responsibility. Slye–Nelson was charged by complaint with the offenses of driving without a license, speeding, operating a motor vehicle with expired registration, and failure to maintain financial responsibility.

Slye–Nelson represented himself at the trial in which he was found guilty of each of the charged offenses. The court assessed punishment at $200 for each of the four convictions, plus court costs. Slye–Nelson appeals by way of four points of error, including a challenge to the sufficiency of the evidence.

In point of error one, Slye–Nelson argues that the trial court erred when it failed to allow Appellant to present evidence and testimony in support of his pre-trial motion. Slye–Nelson filed a "Demurrer & Plea in Abatement Or In the Alternative Motion to Dismiss" on grounds that he is not a resident of the United States, but of an ancient tribe of Israel. He further asserted that he is not bound by the laws of the State of Texas; he is bound only to the "law of the kingdom." As best we can tell, Slye–Nelson claimed in his motion that the trial court did not have jurisdiction since he was not subject to the traffic, licensing, or liability insurance laws of the State of Texas.

The trial court gave Slye–Nelson opportunity to argue his motion before the court. The court allowed him to quote scripture from the Old Testament and to read from a joint resolution of Congress, authorizing and requesting the President to proclaim 1983 as the "Year of the Bible." The trial court overruled the motion after granting Slye–Nelson an extended opportunity for argument. There is no merit to Appellant's contention that the trial court denied him due process by preventing him from arguing his

1. Paul S. Colley, Justice (Retired), Tyler Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

case or presenting evidence in support of his motion. Point of error one is overruled.

In his second point of error, Slye–Nelson contends that the trial court erred when it failed to grant Appellant's motion to dismiss. Appellant's motion, in essence a motion for instructed verdict, came after the State had rested its case, and was based on the State's failure to carry its burden of proof. Slye–Nelson's challenge to the trial court's ruling on his motion to dismiss is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Cr.App.1990). In reviewing the sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling Slye–Nelson's motion. *Madden*, 799 S.W.2d at 686. We will separately analyze the sufficiency of the evidence for each of the four convictions.

## SPEEDING

Appellant was charged and convicted of driving in excess of the 30 miles per hour maximum lawful speed limit in violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 166(a) (Vernon 1977). Slye–Nelson's only argument is that there was no evidence that the location of the alleged violation was an "urban district," which would be necessary to give rise to a 30 mile-per-hour speed zone. However, Slye–Nelson overlooks the arresting officer's testimony that the speed limit for the area was posted as 30 miles-per-hour. Furthermore, the trial court took judicial notice that the location in question was an urban district. The evidence was sufficient to support the speeding conviction.

## EXPIRED LICENSE PLATES

Appellant was charged and convicted of operating a motor vehicle with expired license plates, in violation of TEX.REV.CIV.

STAT.ANN. arts. 6675a–2(a) and 6675a–3e, § 7 (Vernon 1977), which states in pertinent part that "any person operating the *motor vehicle* ... upon the highways of this State with a license plate ... which [has] not been validated ... for the current registration period, shall be deemed guilty of a misdemeanor." Slye–Nelson argues that the State failed to prove that his 1978 Cadillac was a "motor vehicle."

A "vehicle" is defined as "every device in, or by which any person or property is or may be transported or drawn upon a public highway...." TEX.REV.CIV.STAT.ANN. art. 6675a–1 (Vernon 1977). A "motor vehicle" means every vehicle that is self-propelled. *Id.* The police officer testified that he observed a vehicle driven by Appellant proceeding at the speed of 42 miles per hour in a 30 mile-per-hour zone. The officer described the vehicle in various terms, including a "yellow 1978 Cadillac," "your car," a "vehicle," and as requiring the use of keys to operate the vehicle. The evidence was sufficient, despite the absence of the precise words under the statute, to prove that the vehicle was a self-propelled "motor vehicle."

Slye–Nelson further argues that an inherent requirement of motor vehicle registration is that the vehicle be used "as a vehicle for extraordinary use." We see no reason why we should place any limitations on the application of the registration statute when the legislature decided not to do so. Accordingly, we conclude the evidence was sufficient to support the expired license plate conviction.

## EXPIRED DRIVER'S LICENSE

Appellant's third conviction was for operating a motor vehicle without a valid driver's license. The police officer testified that after stopping Appellant he asked Slye–Nelson to show him his driver's license. Slye–Nelson produced an expired license. During an inventory search of the vehicle, another license was found, also expired. Appellant's arguments are identical to those already urged above in opposition to his expired registration conviction. We conclude that the evidence was sufficient to support the conviction.

## FAILURE TO MAINTAIN FINANCIAL RESPONSIBILITY

■ The complaint alleged that Slye–Nelson, "while then and there driving . . . a motor vehicle in and upon a public street and highway, . . . did then and there fail to maintain financial responsibility in the manner and in the amount required by law." Although the State erroneously stated in the heading of the complaint that Slye–Nelson violated an unrelated offense, it is clear from the allegations contained in the complaint that the alleged violation was TEX.REV.CIV. STAT.ANN. art. 6701h, § 1C(a) (Vernon Supp. 1977), which required operators of motor vehicles to maintain financial responsibility.

The testifying police officer only stated at trial that Slye–Nelson failed to furnish proof of liability insurance. However, Appellant could have complied with the statute and maintained financial responsibility in ways other than with liability insurance (by being self-insured, for example). We must conclude, therefore, that no rational trier of fact could have found him guilty beyond a reasonable doubt based solely on the officer's testimony. *Coit v. State*, 808 S.W.2d 473, 475 (Tex.Cr.App.1991). We sustain Appellant's point of error and reverse the "failure to maintain financial responsibility" conviction.

In his third point of error, Appellant contends that the trial court erred when it proceeded to trial without entry of a not guilty plea. The statement of facts indicates that the trial court heard arguments for Slye–Nelson's pre-trial motions, swore-in witnesses, read the complaint for each of the four offenses, then permitted the prosecution to call its first witness. We find nothing in the record to suggest that Slye–Nelson was given the opportunity to enter his plea of not guilty.

■ It is mandatory for a defendant or the court to enter the defendant's plea; otherwise, the trial would be a nullity. *Peltier v. State*, 626 S.W.2d 30, 31 (Tex.Cr.App. 1981); *Willis v. State*, 389 S.W.2d 464 (Tex. Cr.App.1965); *see State ex. rel Ownby v. Harkins*, 705 S.W.2d 788, 790 (Tex.App.— Dallas 1986, no writ) (non-jury trial). However, the defendant must preserve error. In cases where the error is discovered after the trial, a defendant must preserve error by way of a motion for new trial, bill of exception, or motion to arrest judgment. *Warren v. State*, 693 S.W.2d 414, 416 (Tex.Cr.App. 1985).

Slye–Nelson attempted to object to the court's error by way of his "Objection To Judgment," which was filed within 60 days of sentencing as required by Rule 52(c) of the Texas Rules of Appellate Procedure for formal bills of exception. At the same time, Slye–Nelson also filed "Bill of Exceptions," although in it he did not object to the failure of the trial court to allow him to enter his plea. We believe the "Objection To Judgment" was tantamount to a formal bill of exception in that it attempted to "object to the ruling or action of the court." TEX. R.APP.P. 52(c)(1). If Slye–Nelson had complied with the procedural requirements of Rule 52(c), his error would have been preserved for appeal. However, the "Objection To Judgment" was not presented to the trial judge for his allowance and signature as required by Rule 52(c)(4). The trial judge did not have the opportunity to approve the bill for filing, or to make corrections as necessary. We conclude that error has not been preserved for review. Point of error three is overruled.

In his fourth and final point of error, Appellant complains that the trial court erred when it disallowed the testimony of one of Appellant's witnesses because of his religious beliefs. All witnesses were sworn in before the State put on its evidence. One of Slye–Nelson's witnesses refused on religious grounds to swear or take an oath. The court allowed the witness to affirm that he would accurately state the facts, with an understanding that he would be subject to prosecution for perjury if he failed to do so. More significantly, Slye–Nelson did not attempt to call the witness after the State rested. Slye–Nelson did not call any witnesses or introduce any evidence. Point of error four is overruled.

On the judgment based on the alleged failure of Appellant to maintain financial responsibility, we reverse and enter a judg-

ment of acquittal. We affirm the trial court's three remaining judgments.