In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00073-CR
______________________________


JEROME LEE BROOKS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 174th Judicial District Court
Harris County, Texas
Trial Court No. 901665


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jerome Lee Brooks appeals from his conviction by a jury for possession of from four to
twenty grams of cocaine. After being found guilty, he pled true to two prior enhancement allegations
and was sentenced by the trial court to thirty years' imprisonment. Brooks contends the trial court
erred by proceeding to trial without having read the indictment to the jury and without his plea
having been published to the jury. He also contends that the trial court erred by admitting evidence
about an extraneous drug transaction and that the evidence was legally and factually insufficient to
establish he possessed the cocaine. We affirm the judgment of the trial court.
Reading Indictment and Entering Plea
            We first address Brooks' complaint that the indictment was not read to the jury and that
Brooks' "not guilty" plea was not entered before the jury. Tex. Code Crim. Proc. Ann. art. 36.01
(Vernon Supp. 2004) requires the State to read the indictment to the jury at the beginning of trial and
provides that pleas should be stated at that time. The record in this case is silent. 
            In the absence of an affirmative showing in the record that the reading of the indictment and
statement of the plea did not occur, or unless the matter was disputed in the trial court, the Texas
Rules of Appellate Procedure require us to presume the defendant pled to the indictment. Tex. R.
App. P. 44.2(c)(4). Further, silence in the record does not amount to an "affirmative" showing. 
Richardson v. State, 957 S.W.2d 854, 858 (Tex. App.—Tyler 1997, pet. ref'd); State ex rel. Ownby
v. Harkins, 705 S.W.2d 788, 791 (Tex. App.—Dallas 1986, no pet.) (Akin, J., concurring). 
            Accordingly, Brooks has not overcome the presumption that he pled to the indictment. The
contentions of error are overruled.
Extraneous-Offense Evidence
            Brooks next contends the court erred by admitting evidence about an extraneous drug
transaction. It is complained the trial court admitted evidence that Brooks had sold cocaine to a
confidential informant a few minutes before Brooks was arrested for this possession offense. The
argument consists of two linked contentions. First, Brooks contends the evidence was not relevant,
and thus inadmissible, and second, that if relevant, it was still inadmissible because the probative
value of the evidence was substantially outweighed by the unfair prejudice resulting from its
admission.
            The first issue is relevance. Tex. R. Evid. 401, 402. The question is whether evidence that
Brooks had just sold cocaine to a confidential informant would tend to make it more or less likely
he also possessed cocaine. Under the requisite abuse of discretion standard,


 we must conclude
evidence of his sale of cocaine immediately before the time of this offense was relevant in
determining his possession of cocaine.
            Nevertheless, the general rule is that, at the guilt/innocence phase of a prosecution,
extraneous offenses are not admissible to show action and conformity with bad character. Tex. R.
Evid. 403, 404. The evidence must have relevance apart from character conformity, i.e., it must
make more or less probable an elemental fact or a fact that inferentially leads to an elemental fact
or tends to disprove in the same way. Examples are to prove motive, opportunity, intent,
preparation, blame, knowledge, identity, or absence of mistake or accident. Montgomery v. State,
810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g). Our review under this analysis is also
based on a determination of whether the trial court abused its discretion by failing to exclude the
evidence of the other crime, wrong, or act.
            In this case, the informant's information provided proof that Brooks possessed a baggie
containing cocaine and that he sold some to the informant. Brooks' defensive contention, as outlined
in counsel's opening statement, was that he never possessed such a baggie, and never dropped such
a baggie, and thus the officer's testimony could not be accurate.
            The State argues that the prior sale of cocaine shows Brooks' "knowing possession" of
cocaine. Because knowledge of the nature of the substance is part of the State's burden of proof, then
evidence about an extraneous offense may be admitted to show that the accused had such knowledge. 
See Arnott v. State, 498 S.W.2d 166, 176 (Tex. Crim. App. 1973) (op. on reh'g); Marable v. State,
840 S.W.2d 88 (Tex. App.—Texarkana 1992, pet. ref'd). 
            The next question raised is whether the trial court abused its discretion by determining, after
conducting the required balancing test, that the prejudicial effect of the evidence did not substantially
outweigh its probative value. The relevant criteria in this determination is:
            (1) how compellingly the extraneous offense evidence serves to make a fact of consequence
more or less probable—a factor which is related to the strength of the evidence presented by the
proponent to show the defendant in fact committed the extraneous offense;
            (2) the potential the other offense evidence has to impress the jury "in some irrational but
nevertheless indelible way";
            (3) the time the proponent will need to develop the evidence, during which the jury will be
distracted from consideration of the indicted offense; and
            (4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e.,
does the proponent have other probative evidence available to him or her to help establish this fact,
and is this fact related to an issue in dispute. 
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). 
            In this case, the matter in issue was the possession by Brooks of cocaine. The question for
the jury was whether the baggie found by police was his. The argument raised was that it was not. 
Evidence that Brooks had, only a few minutes earlier, sold cocaine to an informant, who
communicated that Brooks had a plastic baggie with a large amount of cocaine in it, was compelling
both on the question of whether Brooks had such a baggie and its contents. 
            The evidence was not such as to impress the jury "in some irrational but nevertheless
indelible way." It was not evidence designed to raise the emotional hackles of the jury, but to
provide factual information, and the trial court immediately provided an instruction to the jury to
limit its consideration of that testimony.
            Only a minimal amount of time, perhaps two pages of testimony, was devoted to the
development of the testimony.
            Finally, since the baggie was not found on Brooks' person, but on the ground where the
officer stated he had seen Brooks throw it, and in light of Brooks' position denying the baggie was
his, there was a measurable need for the evidence, and the fact involved was certainly in dispute.
            In light of all of these factors, we conclude the trial court did not abuse its discretion in
conducting the balancing test and that its determination that the probative value was not substantially
outweighed by the prejudicial force of the evidence is within the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391–92. The contention of error is overruled.
Sufficiency of the Evidence
            Brooks next contends the evidence is legally and factually insufficient to support the verdict. 
In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing factual sufficiency, we view the evidence in a neutral light, favoring
neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Id.
            In this case, the evidence shows that Brooks was in possession of a baggie containing a
substance, and there is testimony that he was observed dropping a baggie when he realized he was
being stopped by a uniformed police officer. The baggie containing the substance was retrieved and
analyzed, and found to contain 7.6 grams of cocaine. There is no evidence to the contrary. Thus,
we find the evidence both legally and factually sufficient to support the verdict.
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 22, 2003
Date Decided:             February 4, 2004

Do Not Publish