## HENRY A. MALLEY ET AL. V. THE STATE.

No. 16563.   Delivered March 21, 1934.
Reported in 69 S. W. (2d) 765.

The opinion states the case.

*H. H. Sagebiel,* of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from a final judgment on a forfeiture of a bail bond.

Henry A. Malley was charged by a complaint and information filed in the District Court of Gillespie County, Texas, on

the 25th day of January, 1933, with the offense of practicing medicine wthout a license. On the 27th of January, 1933, he filed in said court his bail bond, which required the defendant to appear in said court for trial on the 20th day of February, and there remain, etc. We do not deem it necessary to set forth the bond inasmuch as it appears to be in legal form.

The trial on said charge was had in said court on the 4th day of March, 1933, before a jury which found the defendant guilty and assessed a fine aganst him but failed to impose any jail sentence. The court received and accepted the verdict of the jury. Thereafter, the defendant filed a motion for new trial calling the court's attention to the error in the jury's verdict. Thereupon the court entered the following order:

"The State of Texas v. Henry Malley, No. 14,441. This day came on to be heard the defendant's motion to set aside the verdict herein returned and arrest the judgment of the court thereon, and it appearing to the court that on the trial of this cause the jury rendered an informal verdict in that while it assessed a fine there was no jail sentence assessed, both of which were required. The verdict of the jury is set aside for the aforesaid informality and all prosecution against the defendant is dismissed and he is hereby discharged."

By an Act of the 43rd Legislature, Special Laws, p. 84, chapter 64, effective May 6, 1933, jurisdiction of misdemeanor cases was conferred on the county court of Gillespie County, and the above styled and numbered cause was thereafter duly transferred to the county court of said county. The county court of said county convened on July 3rd, and on the 5th of July, said cause was called for trial in the County Court but the defendant failing to appear the bail bond was forfeited and judgment nisi entered thereon. Citation was duly issued to the sureties on said bond and the same was served on the 31st day of July. On October 13, 1933, the cause to make final the judgment nisi came on for trial. The court rendered and entered a final judgment against the appellants for the penal sum specified in said bond.

The appellants' first contenton is that the District Court, after entering his order setting aside the verdict of the jury and rendering a judgment dismissing the prosecution and discharging the defendant, had no legal authority to reinstate the same. In order to determine this question it becomes necessary to determine whether the court of his own motion had the legal authority to dismiss the prosecution and discharge the defendant. For authority in the exercise of judicial functions we must look, first, to the Constitution and Statutes, and,

second, to the common law, and where no such authority is conferred by the Constitution, the statute or common law, either by express provision or necessary implication, none exist. Article 577, C. C. P., reads as follows:

"The district or county attorney may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

From said article it appears that the court has no authority to enter a judgment of dismissal in any criminal action unless a written statement is filed with the papers in the case by the prosecuting attorney, setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. This article of the C. C. P. evidently was not complied with because there is nothing in the record showing that a written statement was filed with the papers in the case by the prosecuting attorney, setting out his reasons for such dismissal, nor is the same incorporated in the judgment of dismissal. Hence, we are forced to the conclusion that no such proceeding was had and in the absence of such a proceeding the judgment will be null and void unless we can find some authority for the same at the common law. At common law the matter of entering a nolle prosequi rests entirely within the discretion of the prosecuting officers and leave of the court is not necessary, and by the weight of authority this is still the rule in the absence of a statute where the entry is made before the trial begins. In the absence of a statute, the court has no power to enter or direct the prosecuting officer to enter a nolle prosequi. In Corpus Juris, Vol. 16, p. 452, we find the following rule announced: "At common law only the Attorney-General could exercise the power to enter a nolle prosequi upon an indictment, and where there is no statute upon the subject, this power is still imposed in the Attorney-General or the several public prosecutors." In volume 20, p. 56, Standard Cyc. of Procedure, we find the following rule announced: "The authority to enter a nolle prosequi rests usually in the prosecuting attorney alone. It cannot be entered by the court on its own motion unless authorized by statute." Again, it lays down the rule on p. 657 in the same text. "That the defendant's attorney cannot originate the motion for a dismissal." In Wharton on Criminal Procedure, 10th Ed., Vol. 2, p. 177, Sec. 1310, it is said: "A nolle prosequi is the voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill, and at

common law is a prerogative vested in the executive by whom alone it can be exercised." Therefore, it is clearly apparent to our minds that the court in the case under consideration exceeded its legal authority in dismissing the cause and discharging the defendant. The court had the legal authority to set aside the verdict of the jury and to grant a new trial, but the act of dismissing the cause and discharging the defendant without a written motion by the prosecuting attorney setting out his reasons for such dismissal and without incorporating the same in the judgment of dismissal was without legal authority and without effect, and in support of the views herein expressed we refer to the case of State v. Anderson, 26 S. W. (2d) 174, where a similar question was thoroughly discussed by the Supreme Court of this state. The trial court not having legal authority upon its own motion to dismiss the case and discharge the defendant, the appellants were not by the order of dismissal released from the bond. Article 582, C. C. P., reads as follows:

"Where the accused is on bail when the trial commences, such bail shall not thereby be considered as discharged until the jury shall return into court a verdict of guilty or not guilty. He shall have the same right to have and remain on bail during the trial of his case and up to the return into court of such verdict as under the law he has before the trial commences; but immediately upon the return into court of a verdict of guilty, he shall be placed in the custody of the sheriff, and his bail considered discharged. Where the accused is convicted in a misdemeanor case and is on bail when the trial commences, such bail shall not thereby be considered discharged until the defendant's motion for new trial has been overruled by the court."

It will be observed from said article that in a misdemeanor case when the defendant is on bail at the time the trial commences, such bail shall not thereby be considered discharged until the defendant's motion for new trial has been overruled by the court. Therefore, inasmuch as the court had no legal power on his own motion to dismiss the case and discharge the defendant, the bail bond remained in full force and effect, and when the defendant in said case failed to appear on the 5th day of July, 1933, in said court, it was clearly within the power of the court to enter a forfeiture of said bond. The defense interposed by the appellants that the case had been dismissed by the court on the 4th day of March, 1933, and the defendant discharged was of no avail, and constituted no real defense to the rendition of a final judgment against the appellants. The appellants seem to take the position, and we believe correctly so, that

a new trial can in no case be granted where the verdict or judgment has been rendered for the accused, but in the case under consideration there was no verdict or judgment rendered for the accused. The purported judgment dismissing the case and discharging the defendant was void because the court had no legal power on his own motion to dismiss the case.

By bills of exception 1 and 2 the appellants complain of the action of the trial court in permitting the state to introduce in evidence the following portion of the docket of the District Court of Gillespie County on the trial of the criminal case then pending against the defendant, Henry A. Malley, to-wit:

"March 4, 1933. On the trial of this cause the jury rendered an informal verdict in that while it assessed a fine there was no jail sentence assessed, both of which were required. March 7, 1933: The verdict of the jury is set aside for the aforesaid informality and all prosecution against defendant is dismissed and he is hereby ordered discharged. Defendant's counsel is granted leave to withdraw his application for a new trial. Before reading the announcement dismissing this cause, it was called to the court's attention that there was no authority to do more than to set aside the informal verdict of the jury herein and grant defendant's motion for new trial. Accordingly, the court of his own motion hereby sets aside the verdict of the jury and grants defendant a new trial,"
—to all of which the appellants objected for the reason that the docket entries made by the court in the trial of the case are not the best evidence of the proceedings of the court but that the minutes of the court are the best evidence, which objections were by the court overruled and the appellants then and there excepted. While it is true that the minutes of the court are the best evidence, yet the duty devolved upon the appellants, in order to support the allegations in their answer, to show a legal order of dismissal of the case. The appellants realized that if the order of dismissal was valid, it was a good defense as against the forfeiture of the bond. Hence, they interposed the same as a defense to the state's cause of action and sought under the judgment of dismissal to avoid the binding force and effect of their obligation. Therefore, it was incumbent upon them to make the proof, and if they failed to do so, they failed to sustain their allegations in their answer. We therefore conclude that the introduction of said orders by the state was in no way prejudicial to the appellants.

Having reached the conclusion that the case was properly disposed of and no errors appearing in the record, the judgment of the trial court is in all things affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.