**James Elgin McLELLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40765.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Andrew J. Shuval, Hereford, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $50.00.

This is a direct appeal from the order of the Court finding appellant guilty stating that no final judgment would be rendered thereon and that appellant would be placed on probation.

Appellant's sole ground of error is that the court erred in overruling his plea of former jeopardy. Prior to pleading to the information, appellant timely filed his plea of former jeopardy and made proof thereon. He established that at a former trial on the same information the following had occurred:

"(Appellant's attorney questioning a state's witness) 'Today you testified Mr. McLelland had the smell of alcoholic beverage about him. Last time I think you testified—'

(The Judge): 'Mr. Miller (the County Attorney), aren't you going to object?'

Mr. Miller: 'If you want to introduce this, that's all right, but you should make some kind of introduction.'

The Court: 'This Court will throw this case out for re-trial. This is a mistrial. The jury is dismissed.'

Appellant's counsel: 'Object.'

The Court: 'You may object, but you are overruled. This case is set for retrial on October 18.'"

Clearly, the appellant has twice been placed in jeopardy in violation of the Constitution. Article I, Section XIV, Constitution of Texas, Vernon's Ann.St.; Article

1.10, Vernon's Ann.C.C.P. Wordward v. State, 42 Tex.Cr.R. 188, 58 S.W. 135, 141. The trial court abused his discretion in not allowing the case to proceed to judgment. Grigsby v. State, 158 Tex.Cr.R. 484, 257 S. W.2d 110, and cases there cited, and Rameriz v. State, 171 Tex.Cr.R. 507, 352 S.W.2d 131.

The judgment is reversed, and the prosecution is ordered dismissed.