Pete VARDAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49337.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

---

Clyde W. Woody and Marian S. Rosen, Houston, for appellant.

Tim Curry, Dist. Atty., Donald S. Gandy, John Hill and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of robbery enhanced by a similar prior conviction; punishment was assessed at life imprisonment.

The sufficiency of the evidence to support the conviction is not challenged. No review of the facts is necessary.

Initially, appellant complains he was deprived of the right to be free from double jeopardy. The indictment contained two counts with an enhancement allegation as to the first count. The first count of the indictment charged the offense of robbery by assault. The second count charged the offense of robbery by firearms. (Both counts related to the same transaction.)

The first trial of the case resulted in a conviction based upon the second count, robbery by firearms, which was subsequently reversed by this Court. See Vardas v. State, Tex.Cr.App., 488 S.W.2d 467. At the beginning of the first trial, after the arraignment, the court limited the State to trial on the second count of the indictment. The defense and the State then announced "ready", whereupon the appellant pled to the second count of the indictment in front of the jury.[1]

The contention is that jeopardy had attached to the first count and the enhancement count thereby precluding retrial on any but the second count. We disagree. Jeopardy does not attach until a defendant pleads to the indictment. Ochoa v. State, Tex.Cr.App., 492 S.W.2d 576. Mere pleading at arraignment does not place a defendant in judicial jeopardy. United States v. Martin Linen Supply Co., 485 F.2d 1143 (5 Cir., 1973). See Bassing v. Cady, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908). Similarly, the second and third grounds of error which contend that the doctrine of estoppel, carving and judicial election preclude retrial on the first count and the enhancement paragraph are without merit and overruled.[2]

The fourth ground of error complains of the denial of a speedy trial. The first arrest in this cause was on September 10, 1966. The first trial began on September 5, 1967, and the resulting conviction was appealed. Final adjudication of the appeal and reversal of the conviction did not occur until January 17, 1973. No mention was made of a speedy trial until June 18, 1973, and the retrial commenced on June 21, 1973.

The record reflects no unusual or impermissible delays attributable to the State. Indeed, the record is replete with actions

---

1. The record does not clearly reflect which part of the indictment was read before the jury. However, since the judge instructed that the first count and the enhancement paragraph not be read to the jury, in the absence of a showing to the contrary, we express our opinion on the basis that appellant pled to the second count only at the first trial.

2. With respect to the claim regarding judicial election, we do not agree that when the State attempted to secure a life sentence in the retrial of this case, rather than the death penalty, that its position was "inconsistent" or "adverse."

by the appellant and his retained attorneys to delay the trial, including employment of five different lawyers (one lawyer who was hired twice), a legislative continuance, a motion to abate the appeal from the first trial for a determination of present sanity, an escape and various extensions of time to file motions, briefs and the statement of facts. The appellant is in no position to complain of delays in his trial. Cf. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 201 (1972).

Grounds of error five through sixteen do not meet the requirements of Article 40.09, Section 9, Vernon's Ann.C.C.P. Grounds four, five, fourteen and sixteen present multifarious issues. The statement of facts for grounds seven through thirteen is consolidated and we are unable to determine which occurrences are the subject of a particular ground. All of these contentions are merely general assertions which fail to refer to specific occasions of error allegedly committed at the trial on the merits. However, we have carefully considered each ground with its supporting arguments and will discuss all the identifiable contentions.

■ The fifth ground of error is as follows:

"The Appellant was denied due process of law, a fair and impartial trial and effective assistance of counsel, by virtue of the requirements of Article 46.02, Section 1 et seq., V.A.C.C.P., and Article 34 of the Texas Penal Code, which procedure requires the issue of insanity to be tried contemporaneously with the issue of guilt or innocence."

If appellant is contending he is entitled to a hearing on the defensive issue of sanity at the time of the offense, separate from the trial on guilt or innocence, such contention was decided adversely to him in Nilsson v. State, Tex.Cr.App., 477 S.W.2d 592.

The sixth ground of error makes contentions regarding the burden of proof. Appellant intermingles arguments on the defensive issue of sanity at the time of the offense with the issue of competency to stand trial. See Nilsson v. State, supra, for a discussion of the burden of proof regarding the defense of insanity at the time of the offense.

■ Grounds of error seven through sixteen relate primarily to the proceedings which occurred in the preliminary hearing to determine competency to stand trial.[3] In ground seventeen, appellant attacks Texas criminal procedure as being constitutionally deficient in its failure to provide any review of a preliminary sanity trial. This Court has no jurisdiction to review a judgment rendered in a preliminary hearing to determine present sanity. Kalinec v. State, Tex.Cr.App., 500 S.W.2d 146; Martin v. State, Tex.Cr.App., 475 S.W.2d 265, certiorari denied 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312. See Newton v. State, Tex.Cr.App., 509 S.W.2d 610. Therefore, we express no opinion as to matters pertaining to the preliminary hearing to determine competency to stand trial.

Finding no reversible error, the judgment is affirmed.

ROBERTS, J., not participating.

3. Ground of error fifteen refers exclusively to matters pertinent to the preliminary hearing.