Stuart Wes ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–041–CR.

Court of Appeals of Texas, Austin.

July 13, 1983.

Ian Inglis, Austin (Court-appointed), for appellant.

Ronald Earle, Dist. Atty., J. Patrick Quinn, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

This appeal presents for our consideration several aspects of the federal and state prohibitions against being twice placed in jeopardy. U.S. Const.Ann. amend. V; Tex. Const.Ann. art. I, § 14. We are required to resolve the following questions. At what stage of the proceedings of a state bench trial is the defendant first placed in jeopardy? Under what circumstances may a judge *sua sponte* terminate a trial to the court, after taking of testimony begins and before rendition of judgment, and set the cause down for a jury trial? When must a defendant assert his claim of former jeopardy, in a subsequent jury trial in the same court and before the same judge, to avoid waiving the right?

Appellant, in four grounds of error, challenges his conviction for burglary of a habitation with intent to commit theft. Tex. Pen.Code Ann. § 30.02 (1974). One prior felony conviction was alleged for enhancement purposes and, finding it to be true, the jury assessed punishment at confinement in the Department of Corrections for twenty-five years. We will sustain appellant's first ground of error in which he claims former jeopardy and reverse the judgment of conviction.

In a bench trial, on a plea of not guilty, on May 29, 1981, before Judge Tom Blackwell, proceedings began against appellant for the offense of burglary of a habitation. Following appellant's plea, the State waived the enhancement count of the indictment and the trial began with the intro-duction into evidence of eight written stipulations between appellant and the State. Following this, the State called one witness, the complainant, who began testifying. On cross examination, the complainant stated that, subsequent to the burglary, he had had occasion to discuss the crime with appellant in a city park. He stated that appellant had admitted committing the burglary and had offered, for $1,000, to return several items taken during the burglary. At this point, the court *sua sponte* halted proceedings and set the case down for a jury trial.

The only explanation appearing in the record for the court's action, is the following statement made by Judge Blackwell at the time:

Mr. Martin [defense counsel], I think I'm going to set this for a jury trial. I really don't think I can accept any recommendation in this case less than about 25 years. Set for jury trial Monday morning.

Omitting the court's reference to a "recommendation" of sentence, and several statements of defense counsel during argument on a subsequent motion for new trial, the record does not reflect the existence of any plea bargain agreement, nor any specific recommendation of punishment by the prosecutor. If such an agreement was made, we are not informed as to the rights and obligations of either party as might be specified therein. Further, the record does not show that the trial court knew what, if any, recommendation the prosecutor would make.

On August 10, 1981, appellant was tried before Judge Blackwell and a jury, under the same indictment and for the same offense of burglary of a habitation with intent to commit theft. Appellant pleaded not guilty but did not enter, prior to trial, a plea of former jeopardy. After the jury returned a verdict of guilty, but before the punishment phase of the trial, appellant filed a motion of former jeopardy which was overruled by the court. This motion was directed only to the State's reliance upon the previously abandoned enhancement count of the indictment.

On September 3, 1981, a hearing was held on appellant's motion for new trial, in which, for the first time, appellant argued that the jeopardy provisions of the federal and state constitutions stood as a bar to his conviction in the jury trial. The statement of facts from the bench trial and the court's docket sheet were introduced into evidence at this hearing. The court overruled appellant's motion and this appeal followed.

Initially, the State argues that by failing to file a special plea of former jeopardy in accordance with Tex.Code Cr.P.Ann. arts. 27.02 and 27.05, appellant waived his right to complain on appeal. The question of former jeopardy has been held to be fundamental in nature and capable of being raised for the first time on appeal. *Jones v. State,* 586 S.W.2d 542, 544 (Tex.Cr.App. 1979); *Muncy v. State,* 505 S.W.2d 925 (Tex. Cr.App.1974). Other cases hold that a plea of former jeopardy is unnecessary when the second trial is pursuant to an indictment arising out of the same transaction, provided that the second trial is in the same court and is before the same judge, as in the instant case. *Duckett v. State,* 454 S.W.2d 755, 758 (Tex.Cr.App.1970); *see Ex parte Myers,* 618 S.W.2d 365, 367 (Tex.Cr.App. 1981); *see also Ex parte Scelles,* 511 S.W.2d 300 n. 3 (Tex.Cr.App.1974) (correcting misleading language in *Duckett v. State, supra*). The State's waiver argument is without merit and we will examine appellant's claim of double jeopardy.

In every appeal involving the issue of double jeopardy, inquiry begins with the question of whether the defendant was ever first placed in jeopardy, *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), for it is axiomatic that there can be no double jeopardy unless the defendant has been previously placed in jeopardy.

The federal rule is that jeopardy "attaches" in a jury trial when a jury is empaneled and sworn. *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). This rule is constitutionally mandated and has been made applicable to the states. *Crist v. Bretz, supra* 437 U.S. at 38, 98 S.Ct. at 2162; *Torres v.*

*State,* 614 S.W.2d 436, 441 (Tex.Cr.App. 1981); *McElwee v. State,* 589 S.W.2d 455, 457 (Tex.Cr.App.1979).

▋ In non-jury trials, the Supreme Court of the United States has held that jeopardy "attaches" when the court begins to hear evidence. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Texas courts have never expressly adopted this rule. *See Thornton v. State,* 601 S.W.2d 340, 344 n. 3 (Tex. Cr.App.1979). Whatever rule the Court of Criminal Appeals ultimately adopts, it is abundantly clear that, at the time the trial court abruptly terminated proceedings in this case, appellant had been placed in jeopardy.

▋ The *sua sponte* termination of a criminal trial after jeopardy has "attached" can only be proper when required by "manifest necessity" or the "ends of public justice." *Illinois v. Somerville,* 410 U.S. 458, 462–63, 93 S.Ct. 1066, 1069–70, 35 L.Ed.2d 425 (1973); *Schaffer v. State,* 649 S.W.2d 637 (Tex.Cr.App.1983). An exception to this general rule exists if the defendant consents to a mistrial. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Torres v. State, supra* at 441. Further, consent need not be express, but may be implied from the totality of the circumstances. *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); *Torres v. State, supra* at 441.

▋ In his amended motion for new trial, appellant argued that he did not have the chance to object to the action by the court because "[t]he Court did not give the State nor the Defendant a chance to say anything to the Court's action because the Judge quickly left the Bench and the Courtroom." The State, however, in its appellate brief, speculates that "[t]he reason appellant did not object at the time or at the subsequent trial is that he was fully satisfied with the judge's action."

For this Court to conclude that either of these plausible explanations is correct would require an exercise in omniscience. We will not engage in such speculation.

Rather, in a case such as this, involving such a deeply ingrained constitutional principle, we will not infer consent from a silent record. *Torres v. State, supra* at 442; *see McClendon v. State,* 583 S.W.2d 777, 780–81 (Tex.Cr.App.1979) ("Once appellant went forward with sufficient evidence to establish a claim of double jeopardy, the burden was on the State to prove that appellant consented to the State's motion to dismiss.")

The State advances two contentions to justify the trial court's abrupt termination of the case. The first is that the record does not disclose any recommendation made by the State because such recommendations ordinarily are not made until the punishment phase of trial. If this be so, how could the judge know, at the time he terminated the trial, what recommendation would be made? Taking the State's argument to its logical implication, therefore, we must presume that the judge was not in any way bound to sentence appellant to less than twenty-five years. *See* Tex.Pen.Code Ann. §§ 30.02(d)(1) and 12.32 (1974).

Alternatively, the State argues that the trial court's judgment is an indication of bias and that "the trial court acted rationally and responsibly when he became prejudiced against the defendant, acting so that the ends of public justice and justice for the defendant would not be defeated." We are constrained to disagree. The statement of the trial court does not show bias; rather, it is only an indication of the punishment the judge might assess. The record does not show that termination of the trial was required by "manifest necessity" or "the ends of public justice." The State cites no authority holding that termination of a trial, under the facts of this case, is justified under either standard.

The power to declare a mistrial ought to be used with the greatest caution, under urgent circumstances, for very plain and obvious causes, and in the exercise of sound discretion. *Torres v. State, supra* at 442. Moreover, the appellate review of a trial court's decision to grant a mistrial is facilitated by fact findings and by an explanation of the reasons supporting the court's decision, although explicit findings are not constitutionally mandated. *Arizona v. Washington,* 434 U.S. 497, 517, 98 S.Ct. 824, 836, 54 L.Ed.2d 717 (1978). This record does not disclose any findings or sufficient explanation for the court's action. Appellant's plea of former jeopardy was overruled at the hearing on his motion for new trial without any statement concerning why the court felt obligated to impose a reduced sentence. Yet assuming for the moment that the court was so obligated, we are unable to discern with any certainty why the court believed it could not fulfill its obligation.

One harm to appellant occasioned by the trial court's action is evident. In the bench trial, the enhancement count was abandoned by the State. The range of punishment under Tex.Pen.Code Ann. § 12.32 was for life or for any term of not more than 99 years nor less than 5 years, plus a possible fine not to exceed $10,000. When appellant was tried before the jury, the enhancement count was submitted to the jury, which found the allegations therein to be true. Upon this finding, the minimum punishment the jury could consider was fifteen years. Tex.Pen.Code Ann. § 12.42(c) (1974). Since the record does not affirmatively demonstrate manifest necessity nor show that the ends of public justice would have been defeated had the trial continued, we hold that the trial court erred in overruling appellant's plea of former jeopardy. *Schaffer v. State, supra; Torres v. State, supra* at 443.[1]

We sustain appellant's first ground of error, reverse the judgment of conviction, and order that the prosecution be dismissed.

BRADY, J., not participating.

1. We note that at the first trial, after appellant had been placed in jeopardy, the State expressly waived the enhancement count of appellant's indictment. It was impermissible, therefore, for the State to rely upon the once-abandoned count at appellant's second trial. *Cooper v. State,* 631 S.W.2d 508, 514 (Tex.Cr.App.1982); *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex.Cr. App.1974).