The STATE of Texas, Appellant,

v.

Raul Sergio TORRES, Appellee.

No. 13–89–286–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1989.

Rehearing Overruled Dec. 21, 1989.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellant.

**514**

Noe Robles, Harlingen, Horacio L. Barrera, Martinez & Barrera, Brownsville, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

The State appeals from an order sustaining appellee's claim of former jeopardy. *See* Tex.Code Crim.Proc.Ann. art. 44.01 (Vernon Supp.1989). This appeal raises a question of first impression concerning the attachment of jeopardy in a bench trial under the Constitution of the State of Texas.[1] We affirm the trial court's order.

■ Raul Torres, the defendant in a criminal prosecution, filed a motion to dismiss an indictment which charged him with the offense of escape. The motion alleged that his prosecution under the indictment would violate the double jeopardy provisions of federal and state law. The trial court held a hearing on the motion and developed a record showing that the following events had previously occurred:[2] Torres was indicted in cause 88-CR-449-E for escape. Torres waived trial by jury, and both the State and Torres announced ready. Torres waived reading of the indictment and entered a plea of not guilty. The State then moved to amend the indictment, stating that it erroneously alleged escape while appellant was under arrest from an order of the 107th District Court instead of the 357th.[3] The trial court denied the State's request and instructed the State to proceed with its evidence. The State said that it had no evidence. The trial court then asked if the State was dismissing at this time, and the State responded affirmatively. The trial court dismissed the case for want of prosecution.

Following the dismissal, another indictment was returned against Torres. This one alleged that Torres had escaped from

**1.** Article I, section 14 of the Texas Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex.Code Crim.Proc.Ann. art. 1.10 (Vernon 1979) is identical to the Texas Constitutional provision. The Fifth Amendment to the United States Constitution reads, in pertinent part: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

**2.** We express some concern about the procedures the trial court used in ruling upon the motion filed by Torres. No evidence was offered on the motion, nor did the trial court specifically take judicial notice of its records or prior proceedings. There was, however, no objection to the proceedings by either the State or Torres at the time. Both parties made statements to the court concerning the prior proceedings in the case, and both parties were apparently satisfied to have the trial court decide the issue without the formal introduction of evidence. The trial court made findings on the record, presumably based on his and the parties' recollection of events.

In *Canada v. State*, 660 S.W.2d 528, 530 n. 4 (Tex.Crim.App.1983), the Court relied upon unsworn oral statements made by the prosecutor, in a hearing on the defendant's speedy trial motion, to resolve the issue before it. There, it was held that the trial judge, in his discretion, had the right to rely upon these unsworn oral statements made by the officers of the court.

*See, Canada v. State,* 660 S.W.2d at 531 n. 2 (Miller, J., concurring).

This case, however, is not entirely like *Canada* because the parties did dispute certain facts and because certain information, such as the content of the former indictment, was not mentioned at the motion hearing. Yet, this case is also not like *Dedmon v. State,* 478 S.W.2d 486 (Tex.Crim.App.1972), where the record was "devoid of evidence in support of appellant's motion." Here, the appellate record contains a complete transcript of the hearing on appellee's motion. Technically, the proceedings under the prior indictment are not a part of this prosecution and should not have been considered unless they were offered into evidence. The State, however, requested the inclusion of the proceedings under the prior indictment in the present appellate record, and appellee has not complained. We will consider the record from the prior trial since there appears to be no dispute between the parties that the record forwarded to us on appeal is the record of the prior trial and because there appears to be no dispute concerning what we believe are the material events which occurred at the prior trial. *See Bradley v. State,* 564 S.W.2d 727 (Tex.Crim.App.1978).

**3.** The original indictment alleged that Raul Torres on or about January 14, 1989, "did then and there unlawfully, intentionally and knowingly escape from the custody of Roy Zepeda and Paul Noyola, peace officers, while under arrest pursuant to a lawful order of the 107th Judicial District Court of Cameron County."

the custody of Roy Zepeda, a peace officer, while under arrest for and charged with and convicted of a felony. The new indictment did not mention a specific district court in its allegations, but it did allege escape from the same peace officer on the same date. It appears that the second indictment was intended to allege an offense for the same incident which served as the basis of the first indictment. Following his reindictment, Torres filed his motion to dismiss, the trial court granted it, and the State appealed. In its sole point of error, the State contends that the trial court erred.

■ The State argued at the hearing on the motion, and continues to argue, that Torres was never placed in jeopardy on the original indictment, and, therefore, is not again placed in jeopardy by the second indictment. In every appeal involving the issue of double jeopardy, inquiry begins with the question of whether the defendant was ever first placed in jeopardy, *Crist v. Bretz*, 437 U.S. 28, 33–34, 98 S.Ct. 2156, 2159–2160, 57 L.Ed.2d 24 (1978), for there can be no double jeopardy unless the defendant has been previously placed in jeopardy. *Allen v. State*, 656 S.W.2d 592, 594 (Tex.App.—Austin 1983, no pet.).

■ The State contends that in bench trials, jeopardy does not attach until the first witness is sworn. The State makes this contention because this rule was specifically stated by the United States Supreme Court in *Crist v. Bretz*.[4] *See Crist,*

437 U.S. at 37 n. 15, 98 S.Ct. at 2161–2162 n. 15. Although the Court did make that statement, *Crist* did not involve a bench trial and cannot be cited as direct authority for the State's argument; *Crist* held only that in a jury trial the United States Constitution mandates that jeopardy attaches when the jury is sworn, *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162, and that a state rule may not provide less protection to a criminal defendant than that accorded by the Fifth Amendment, because the point at which jeopardy attaches is "at the core" of the Double Jeopardy Clause. *Crist*, 437 U.S. at 37, 98 S.Ct. at 2161.

Prior to *Crist*, the rule in Texas was that jeopardy attached when a defendant pled to the indictment. *Vardas v. State*, 518 S.W.2d 826 (Tex.Crim.App.1975). In *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim. App.1979), the Court of Criminal Appeals harshly criticized the Supreme Court for "foisting upon the states a requirement of uniformity under the guise of a constitutional mandate." *McElwee*, 589 S.W.2d at 457. Nonetheless, because in a jury trial the jury is sworn before the defendant pleads to the indictment, Texas was required to accept the Supreme Court's decision regarding attachment of jeopardy in jury trials and overrule prior Texas law. The Court, however, applied the federal rule "now sanctified as a constitutional imperative" only after examining the origins of the Texas rule and the policies behind its

---

**4.** *Crist* cites for this proposition *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). *Serfass* concerned the appeal of a pretrial order dismissing an indictment; *Serfass* did not decide when jeopardy attached in a bench trial, though it does state that "jeopardy attaches when the court begins to hear evidence," citing *McCarthy v. Zerbst*, 85 F.2d 640, 642 (10th Cir.1936) and *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949). *Wade* concerned a military court-martial that was terminated after evidence had been produced. *Wade* notes that a defendant tried before a judge may be subjected to the kind of jeopardy that bars a second trial. *Wade*, 336 U.S. at 688, 69 S.Ct. at 836–837, *citing McCarthy v. Zerbst*. *Wade*, however, did not decide when jeopardy attaches in a bench trial.

*McCarthy* states that "where a case is tried to a court without a jury, jeopardy begins after

accused has been indicted and arraigned, has pleaded and the court has begun to hear evidence." *McCarthy*, 85 F.2d at 642. *McCarthy*, however, concerned a jury trial and did not decide when jeopardy attaches in a bench trial. It, however, cites *Rosser v. Commonwealth*, 159 Va. 1028, 167 S.E. 257 (1933) and *People v. Garcia*, 120 Cal.App.Supp. 767, 7 P.2d 401 (1931) for the above proposition. Neither of these cases holds that jeopardy attaches in a bench trial when the first witness is sworn. Both concerned bench trials where evidence had been presented, and the reviewing courts merely stated that jeopardy had attached.

Since the Supreme Court's statement in *Crist* is dicta based upon authorities not necessarily supporting its conclusion, we will not decide the present case on United States constitutional grounds.

application. *McElwee*, 589 S.W.2d at 457–460.

The Texas rule that jeopardy attached when the defendant pled to the indictment was based on the rationale that it was this point when the issue between the defendant and the State formed for the court and jury to determine. *McElwee*, 589 S.W.2d at 459. This rationale is consistent with other Texas law which holds that the defendant's plea is a critical point in trial because that point is where the issue is formed. *See Peltier v. State*, 626 S.W.2d 30 (Tex.Crim.App.1981).

Although Texas courts have never been required to determine the point at which jeopardy attaches in a bench trial, *Scholtes v. State*, 691 S.W.2d 84, 87 (Tex.App.— Houston [1st Dist.] 1985, pet. refused); *Allen*, 656 S.W.2d at 594; *see Thornton v. State*, 601 S.W.2d 340, 344 n. 3 (Tex.Crim. App.1979), the rationale expressed in *McElwee* for the traditional Texas rule is applicable to bench trials. Since in a bench trial, the point at which the defendant pleads to the indictment precedes the point where the first witness is sworn, *Crist* does not mandate that Texas abandon its traditional rule.

Before deciding whether to adopt for bench trials the traditional Texas rule, we note a variety of points where jeopardy could arguably attach. Three of these points were noted by the Court of Criminal Appeals in *Thornton*, 601 S.W.2d at 344 n. 3. They are:

(1) when the defendant pleads to the indictment;

(2) when the trial court begins to receive evidence; or

(3) when the trial court begins to consider an agreed statement of facts in the form of a written judicial confession offered by the State.

In addition to these points, jeopardy could attach in a bench trial when the defendant has executed a valid jury waiver, thereby choosing the trial judge as the trier of fact, or when the State has announced "ready" at the beginning of trial.

Having noted these various points, we point out that under the facts of the present case we need to determine only whether jeopardy had attached at the time the State abandoned the prosecution, i.e., after Torres pled "not guilty" but before the State offered any evidence.

The basic reason for holding that a defendant is put in jeopardy even though the criminal proceeding against him terminates before verdict is that the State should not be allowed repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, ordeal, and anxiety. *Crist*, 437 U.S. at 35, 98 S.Ct. at 2160. The specific reason for holding that (in a jury trial) jeopardy attaches when the jury is empaneled and sworn is to protect the interest of an accused in retaining a particular tribunal. *Crist*, 437 U.S. at 35–36, 98 S.Ct. at 2160–2161. Included within that rationale is the unstated proposition that the chosen particular tribunal will decide the accused's guilt based on the accusations included within the State's pleadings and made an issue before the trier of fact by the plea of "not guilty."

We opt to follow the rule traditionally followed in Texas and hold that under the Texas Constitution, jeopardy had attached when Torres pled "not guilty" to the indictment. This rule is based on a sound foundation. Once a defendant has pled "not guilty," the issue between the State and the defendant has formed and he has a right to have the trier of fact decide that issue.

In the present case, defendant Torres had appeared for trial. Both State and defendant had announced ready. Torres was then compelled to enter a plea to allegations for which the State of Texas brought him to trial. The issue between the State and Torres had formed. Trial had, in all effect, begun. These events placed a burden on the State to prove the charges alleged in the indictment. If the State had not desired to form the trial issue at that time, the State should not have announced ready and proceeded on the indictment. It makes no sense to say that jeopardy has not attached where the State aborts a prosecution without the defen-

dant's consent after it has forced the defendant to trial on the allegations. It was the State that caused the proceedings to terminate before a conclusion on the merits. The lack of the preparedness by the State to continue trial directly implicates the policies underpinning the double jeopardy provision. *See United States v. Jorn,* 400 U.S. 470, 486, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971).

We do not address the State's point of error under the United States Constitution, as it is not necessary to our decision. *E.g. Sanchez v. State,* 707 S.W.2d 575 (Tex. Crim.App.1986). The State's sole point of error is overruled and the order of the trial court is affirmed.