**The STATE of Texas, Appellant,**

v.

**Raul Sergio TORRES, Appellee.**

No. 087–90.

Court of Criminal Appeals of Texas, En Banc.

Jan. 10, 1991.

Rehearing Overruled Jan. 30, 1991.

Horacio L. Barrera, Brownsville, for appellee.

Benjamin Euresti, Jr., Dist. Atty., Brownsville, Robert Huttash, State's Atty. and Carl E.F. Dally, Sp. Asst., State's Atty., Austin, for the State.

OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellee, Raul Sergio Torres, was indicted for the felony offense of escape. Tex. Penal Code Ann. § 38.03. The trial court dismissed his case for want of prosecution. The State reindicted appellee for the same offense. Appellee successfully challenged the indictment on double jeopardy grounds. The Court of Appeals affirmed the trial court's order dismissing the indictment. *Torres v. State,* 780 S.W.2d 513 (Tex.App. —Corpus Christi 1989). We granted both the State Prosecuting Attorney's and the District Attorney's petitions for discretionary review.[1] See Tex.R.App.Pro.Rule 200(c)(2). We will affirm the judgment of the Court of Appeals.

The facts of this case are not disputed. Trial was to the court. After both sides announced ready, appellee waived formal reading of the indictment and pled not guilty. The State then sought to amend the indictment.[2] The trial court refused to allow the amendment, and asked the State to present its case. The State, however, failed to present any witnesses. The trial court then asked the State if it was dismissing the case, and the State responded in the affirmative. Counsel for appellee had no objection to the dismissal. The trial court dismissed the case for want of prosecution.

1. We granted the District Attorney's petition on the following grounds:

1) By deciding when jeopardy attached in appellee's bench trial, the Court of Appeals has decided an important question on state law in conflict with an applicable decision of the Supreme Court of the United States. *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977).

2) By deciding when jeopardy attached in appellee's bench trial, the Court of Appeals has rendered a decision in conflict with another Court of Appeals on the same matter. *Hill v. State,* 730 S.W.2d 86 (Tex.App.—Dallas 1987 no writ).

3) By acknowledging that jeopardy may also attach at two other points in a bench trial, the Court of Appeals has decided an important question of state law which has not been, but should be, settled by the Court of Criminal Appeals. *Allen v. State,* 656 S.W.2d 592 (Tex.App. —Austin 1983 no writ).

4) By affirming the trial court's ruling that jeopardy had attached in appellee's first hearing without the offer of any evidence to support his plea, the Court of Appeals has rendered a decision in conflict with other Courts of Appeals on the same matter. *Zimmerman v. State,* 750 S.W.2d 194 (Tex.Cr.App.1988); *Anderson v. State,* 635 S.W.2d 722 (Tex.Cr.App.1982); *Ward v. State,* 520 S.W.2d 395 (Tex.Cr.App.1975); *Cole v. State,* 776 S.W.2d 269 (Tex.App.—Houston [14th Dist.] 1989 no writ).

5) By deciding that the State's motion to amend appellee's first indictment not only caused the cessation of proceedings but also evidence a lack of preparedness to proceed, further warranting the attachment of jeopardy, the Court of Appeals has decided an important

question of law which has not been, but should be, settled by the Court of Criminal Appeals. Articles 1.08, 28.01 Tex.Code Crim.Proc.Ann.; *Medrano v. State,* 768 S.W.2d 502 (Tex.App.—El Paso 1989).

6) By affirming the trial court's ruling on appellee's irregular, unsupported special plea of jeopardy, the Court of Appeals has decided an important question of state law in conflict with an applicable decision of the Court of Criminal Appeals and Supreme Court of the United States. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Lofton v. State,* 777 S.W.2d 96 (Tex.Cr.App.1989).

We also granted the State Prosecuting Attorney's petition for discretionary review on the following:

1) The Court of Appeals' panel made only a threshold finding that jeopardy had attached before mistrial was granted and then erred by not deciding the ultimate issue of whether the appellant could be tried again, since he could be tried again if the mistrial was caused by manifest necessity.

2) The Court of Appeals' panel erred by not granting the State's motion for rehearing because the record shows that appellant's trial was aborted and the indictment dismissed because of manifest necessity and the ends of public justice will be defeated if a second trial is not allowed.

2. Tex.Code Crim.Proc.Ann. art. 28.10(a) provides:

After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time *before the date the trial on the merits commences* ... [emphasis added].

The State obtained a new grand jury indictment for the same offense. Appellee filed a motion to dismiss the subsequent indictment. At the hearing on appellee's motion, the trial judge, the prosecutor and defense counsel discussed the events of the prior trial. The trial court found that jeopardy had attached, and granted appellee's motion to dismiss the second indictment.

The central issue in this case is the following: At what point in a bench trial does jeopardy attach pursuant to the Texas Constitution?[3] A brief recitation of the historical context surrounding double jeopardy jurisprudence assists in the disposition of this issue. Prior to 1969, when the Fifth Amendment[4] became applicable to the states through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 793–96, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), this Court had long held that double jeopardy protections under Article I, § 14 of the Texas Constitution attached at all trials when the defendant pled to the indictment. *Vardas v. State,* 518 S.W.2d 826 (Tex.Cr.App.1975); *Ochoa v. State,* 492 S.W.2d 576 (Tex.Cr.App.1973); *Steen v. State,* 92 Tex.Crim. 99, 242 S.W. 1047 (1922); *Yerger v. State,* 41 S.W. 621 (1897).

After *Benton,* the Supreme Court handed down a series of cases concerning when Fifth Amendment jeopardy protections attached at trial. In those cases, *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963) is generally cited for the proposition that jeopardy attaches in a jury trial when the jury is empaneled and sworn. *See, United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). The Fifth Amendment double jeopardy protection, attaching at the point the jury is empaneled and sworn, has been characterized as "an integral part of the constitutional guarantee against double jeopardy and is binding on the states." *Crist v. Bretz,* 437

U.S. 28, 37, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978).

Therefore, the *Benton/Crist* line of cases afforded Texas defendants greater protection than Article I, § 14, because the holding required that jeopardy attach at an earlier point in a jury trial; the Texas practice previously required the jury to be empaneled and sworn prior to the defendant's plea to the indictment. Accordingly, the Fifth Amendment protections were greater than those provided by our constitution, so we were compelled to adopt the federal standard.

The Fifth Amendment law surrounding the point at which jeopardy attaches in a bench trial is less clear. In dicta, the Supreme Court has stated that in trials to the court, jeopardy does not attach until the first witness is sworn. *Crist,* 437 U.S. at 37 n. 15, 98 S.Ct. at 2162 n. 15, citing *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). In *Serfass,* the Supreme Court held that jeopardy attached when the trial court begins to hear evidence. In *Finch v. United States,* 433 U.S. 676, 97 S.Ct. 2909, 53 L.Ed.2d 1048 (1977), the Court held that jeopardy attached when the trial court considered an agreed statement of facts in the form of a written judicial confession offered by the State.

At the hearing on appellee's "Motion for Dismissal of Indictment" and on direct appeal, the State urged the Court of Appeals to adopt the dicta in *Crist,* i.e., that in a bench trial jeopardy does not attach until the first witness is sworn. The Court of Appeals rejected this argument, concluding that jeopardy attached when appellee pled not guilty, pursuant to the protections of Article I, § 14. In reaching this conclusion the Court of Appeals held:

> We opt to follow the rule traditionally followed in Texas and hold that under

---

**3.** Tex. Const. Art. I, Section 14 provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction. The legislature incorporated this protection, ver batim, into the Code of

Criminal Procedure. See Tex.Code Crim.Proc. Ann. art. 1.10.

**4.** The Fifth Amendment to the United States Constitution includes the following: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

the Texas Constitution, jeopardy had attached when Torres pled "not guilty" to the indictment. This rule is based on a sound foundation. Once a defendant has pled "not guilty," the issue between the State and the defendant has formed and he has a right to have the trier of fact decide that issue.

*Torres*, 780 S.W.2d at 516.[5]

The State acknowledges that this Court has never adopted the dicta in *Crist.* To hold that a witness must be sworn before jeopardy attaches would be to ignore this Court's own interpretation of Article I, § 14. Further, to so hold would allow the State to tie the hands of the trial judge; the State could simply elect not to call a witness, as in the instant case. Accordingly, we decline the State's invitation to adopt the dicta in *Crist* and elect to follow our own long-established precedent. We agree with the Court of Appeals and hold that for bench trials, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. Tex. Const. Art. I, Sec. 14. Accordingly, the District Attorney's first, second, third and fifth grounds for review are overruled.

■ The District Attorney's fourth and sixth grounds for review complain of the manner in which appellee raised his plea of jeopardy. Specifically, the State contends that appellee failed to properly raise a plea of former jeopardy by failing to introduce evidence to support his plea.

Appellee filed a "Motion for Dismissal of Indictment" arguing that he was reindicted "for the same escape," and therefore, jeopardy had attached at the prior trial. The record before us, which includes the record of the prior trial, reflects that at the hearing on appellee's motion, without objection from the State, the trial judge, the prosecutor and defense counsel discussed the events of the prior trial. After the discussion, the trial judge ruled that double jeopardy had attached. The record contains a written order of dismissal, which recites: appellee's cause was set for trial; both

sides announced ready; appellee waived his right to trial by jury and reading of the indictment; appellee entered a plea of not guilty; the court directed the State to present its evidence and the State announced it had no evidence to present; the State's motion to amend the indictment was untimely and was brought after the trial had commenced; and if the motion to amend the indictment were granted it would substantially prejudice the rights of appellee. Those findings are supported by the record.

Appellee had the burden to go forward with evidence in support of his plea of former jeopardy. *Anderson v. State*, 635 S.W.2d 722, 725 (Tex.Cr.App.1982). See generally Tex.Code Crim.Proc.Ann. art. 27.04, 27.05 and 27.06. While appellee failed to introduce evidence on the motion and while the Court failed to specifically take judicial notice of the trial, the State did not object to the format of the hearing or the manner in which the Court made its findings. In fact, the State readily participated in the proceedings. At the hearing, the State's only argument was that jeopardy had not attached at trial because no witnesses had been sworn.

The Court of Appeals expressed concern about the procedures used in ruling on the motion, but concluded that the State's participation in the hearing, the State's failure to object to the manner in which the court reached its findings, and the State's request that the proceedings of the prior trial be included in the appellate record rendered the cause to be reviewable. *Torres*, 780 S.W.2d at 514 n. 2, citing *Canada v. State*, 660 S.W.2d 528, 530 (Tex.Cr.App. 1983) (trial court could rely upon prosecutor's unsworn statements in a hearing on speedy trial motion to resolve the issue before it), and contrasting *Dedmon v. State*, 478 S.W.2d 486 (Tex.Cr.App.1972) (court overruling plea of former jeopardy was proper where plea was not verified and where record was devoid of evidence in

---

**5.** This is consistent with the proposition, to which we steadfastly adhere, that merely entering a plea at arraignment does not place a

defendant in judicial jeopardy. *Vardas*, 518 S.W.2d at 827.

support of motion). We agree with the Court of Appeals.

Where a plea of jeopardy is before the same court and judge, as in the case at bar, statutory requirements concerning the plea are relaxed. *Ex parte Jewel*, 535 S.W.2d 362, 365 (Tex.Cr.App.1976). Although irregular, appellee's plea of jeopardy and the hearing are sufficiently developed to conclude that the trial court properly ruled that jeopardy had attached. Accordingly, the District Attorney's fourth and sixth points of error are overruled.

■ We also granted the State Prosecuting Attorney's petition for discretionary review to determine whether the Court of Appeals erred in failing to address the doctrine of manifest necessity. Where a *mistrial* is declared over a defendant's objections, retrial is not barred by double jeopardy so long as there was manifest necessity for the *mistrial*. [Emphasis added]. *Illinois v. Somerville*, 410 U.S. 458, 461, 93 S.Ct. 1066, 1069, 35 L.Ed.2d 425 (1973); *United States v. Perez*, 9 Wheat 579, 580, 6 L.Ed. 165 (1824).[6]

There was no need for the Court of Appeals to address the doctrine of manifest necessity because the first trial did not end by *mistrial* but rather it ended when the State failed to call any witnesses and the trial judge dismissed the case for want of

6. Examples of manifest necessity are failure of a jury to agree on a verdict of either acquittal or conviction, *Perez*, 9 Wheat 579, and where a juror was found to be acquainted with defendant and probably prejudiced against government, *Simmons v. United States*, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891). Examples of cases where manifest necessity has not been found are an absent prosecution witness where the prosecution knew before the swearing of the jury that the witness could not be found and had not been served with a subpoena, *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and sua sponte mistrial where trial judge apparently acted to protect nonparty witnesses from possibility of self-incrimination, *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

1. Under the federal Double Jeopardy Clause jeopardy attaches in a bench trial when the judge begins to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642, 650 (1977);

prosecution. Therefore, the State Prosecuting Attorney's petition for discretionary review was improvidently granted.

The State's petition for discretionary review is overruled and the judgment of the Court of Appeals is affirmed.

MALONEY, J., not participating.

CLINTON, Judge, concurring.

The Court adheres to our traditional rule under Article I, § 14, as to when jeopardy attaches in a bench trial. See at 420. While joining that reaffirmation, I deem it appropriate to address some ancillary problems presented in the trial proceedings after appellee pled not guilty to the charging instrument.

The rule is particularly applicable here in that after denying the motion to amend the trial court invited the State to present its evidence;[1] the prosecutor responded the State had no evidence.[2] The judge then inquired whether the State was "thereby dismissing at this time," and the prosecutor replied it was. Asked if he had any objection, defense counsel said he had none, but pointed out jeopardy had attached and added that "the State understands they'll not refile on these charges." The judge then pronounced the judgment of the court: "The case is hereby dismissed for want of prosecution."[3]

*Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975); *McCarthy v. Zerbst*, 85 F.2d 640, 642 (CA 10 1936).

2. At that point, in my judgment, appellee was entitled to a finding of not guilty and a judgment of acquittal. Article 1.15, V.A.C.C.P. Although it formerly embraced only pleas of guilty and nolo contendere, since 1966 the statute is applicable as well to a plea of not guilty. Thus it is incumbent upon the State "to introduce evidence into the record showing the guilt of the defendant[.]" When the State failed to discharge its burden to prove allegations in the indictment, the trial court had no alternative but to acquit appellee. See *McClendon v. State*, 583 S.W.2d 777, at 779–780 (Tex.Cr.App.1979).

3. The common law provides no authority and there is none in the code of criminal procedure for a trial court to dismiss a criminal action for "want of prosecution." At common law only the prosecuting attorney is empowered to *nolle*

Regardless of the prosecutor's concern about the numerical designation of the court ordering issuance of the arrest warrant, the fact is that the indictment alleged an offense and thus was a "valid" charging instrument. Jeopardy having attached, once the State opted not to present evidence but instead moved to dismiss and the court did effectively dismiss the criminal action, Article I, § 14, barred a second prosecution for the same offense. *Rameriz v. State*, 171 Tex.Cr.R. 507, 352 S.W.2d 131 (1961); see *McClendon v. State*, supra; *McLelland v. State*, 420 S.W.2d 417 (Tex. Cr.App.1967); see also *Collins v. State*, 429 S.W.2d 650 (Tex.Civ.App.—Houston [14th] 1968), no writ.

Accordingly, I join the judgment of the Court.

pros. *State v. Anderson, District Judge*, 119 Tex. 110, 26 S.W.2d 174, at 176–178 (1930); see Black's Law Dictionary (Revised Fourth Edition 1968) 1198. By its 1876 enactment of the predecessor statute to Article 32.02, V.A.C.C.P., the Legislature conferred upon district courts no more than "a veto power upon the action of the district attorney;" it did not grant courts independent power to dismiss a criminal action. *State v. Anderson*, supra, 26 S.W.2d at 178–179; *Malley v. State*, 125 Tex.Cr.R. 625, 69 S.W.2d 765, at 766 (1934); *accord: Wallace v. State*, 145 Tex.Cr.R. 625, 170 S.W.2d 762, at 761 (1943) (power of dismissal rests primarily in initiative of prosecuting attorney, requiring consent of presiding judge of court).