Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00327-CR, 04-08-00328-CR, & 04-08-00329-CR

Alfredo Jr. **SIFUENTES** A/K/A Alfredo Sifuentes Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2006-CR-6388, 2006-CR-6389, & 2006-CR-6390
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:    August 31, 2009

AFFIRMED

Alfredo Sifuentes Jr. entered open pleas of nolo contendere to two charges of intoxication

assault and one charge of intoxication manslaughter. The trial court made a deadly weapon finding

in each case and sentenced Sifuentes to ten years in prison for each intoxication assault offense and

to twenty years for the intoxication manslaughter. The court ordered the sentences to run

consecutively. Sifuentes appeals all three judgments, contending his plea in the intoxication manslaughter case was involuntary and the deadly weapon findings were barred by double jeopardy. We affirm the trial court's judgments.

In his first point of error, Sifuentes argues his plea to the intoxication manslaughter charge was involuntary and violated his rights under the Fifth Amendment to the United States Constitution because the trial court failed to substantially comply with the admonishment requirements of article 26.13 of the Texas Code of Criminal Procedure. Sifuentes asserts he is entitled to a new trial because the trial court incorrectly admonished him about the range of punishment for the offense.

Intoxication manslaughter is a second degree felony, which carries a punishment of from two to twenty years in prison and a fine of up to $10,000. TEX. PENAL CODE ANN. arts. 12.33 (Vernon 2003); 49.08(b) (Vernon Supp. 2009). The trial court correctly admonished Sifuentes in writing as to the range of punishment for intoxication manslaughter. Sifuentes signed the written admonitions on the day of the plea hearing, and swore he understood them. The document was also signed by Sifuentes's attorney and accepted by the court. However, during the plea hearing, the trial court incorrectly informed Sifuentes that the maximum punishment for intoxication manslaughter was ten years. Sifuentes entered his plea and the trial court subsequently sentenced Sifuentes to twenty years for the intoxication manslaughter offense. Sifuentes filed a motion for new trial, alleging his trial counsel rendered ineffective assistance, but the motion did not include any contention relating to the trial court's misstatement of the range of punishment. Sifuentes testified at the hearing on the motion that when he entered his plea he understood the maximum punishment for intoxication manslaughter was twenty years in prison.

To comply with due process, a defendant's plea must be knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970). A plea is generally considered voluntary if entered after a defendant is made fully aware of the direct consequences of the plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). "[T]o ensure that only a constitutionally valid plea is entered and accepted by the trial court," and to assist the trial court in making the determination that defendant's relinquishment of rights is knowing and voluntary, Texas law further requires the trial court to admonish a defendant before accepting a plea of guilty or no contest. *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998)); *see* TEX. CODE CRIM. PROC. art. 26.13(a) (Vernon 2009). One of the statutorily required admonitions is the range of punishment attached to the offense; however, it is not constitutionally required. *See* TEX. CODE CRIM. PROC. art. 26.13(a)(1); *Aguirre-Mata v. State*, 125 S.W.3d 473, 475-76 (Tex. Crim. App. 2003). Whether a defendant's plea is voluntary and constitutionally valid is therefore a separate issue from whether the trial court complied with article 26.13. *See Gardner v. State*, 164 S.W.3d 393, 398 (Tex. Crim. App. 2005). We therefore address them separately.

Sifuentes's constitutional challenge to the voluntariness of his plea is based solely on the trial court's oral misstatement of the range of punishment for voluntary manslaughter. However, the record as a whole affirmatively establishes his plea was knowing and voluntary. The trial court advised Sifuentes in writing of the correct range of punishment, and Sifuentes swore he understood the admonition. Sifuentes also testified he knew when he entered his plea that the charge carried a possibility of twenty years in prison. Moreover, Sifuentes did not allege in the trial court or on appeal

that the trial court's misstatement misled or confused him in any way. Accordingly, we hold the trial court's oral misstatement of the range of punishment did not render Sifuentes's plea to intoxication manslaughter charge involuntary and the trial court's acceptance of the plea did not violate due process. *See Gardner*, 164 S.W.3d at 398-99 (holding no due process violation where record as whole showed appellant understood rights he was waiving when he pled guilty, notwithstanding contention trial court failed to adequately admonish him regarding waiver of such rights).

The trial court is required to substantially comply with the requirements of article 26.13(a), either orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13 (c), (d). When the record shows the trial court incorrectly admonished the defendant regarding the range of punishment and the defendant receives a greater sentence that the court advised was possible, there has not been substantial compliance with the statute. *See Weekley v. State*, 594 S.W.2d 96, 96 (Tex. Crim. App. [Panel Op.] 1980), *overruled in part on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). However, failure to substantially comply with the requirement to admonish a defendant on the punishment range is subject to a harmless error analysis under Texas Rule of Appellate Procedure 44.2(b). *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006); *Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).

As discussed above, the record establishes Sifuentes was aware of the maximum punishment for intoxication manslaughter. He was correctly admonished in writing and there is no suggestion in the record the court's oral statement misled Sifuentes in any way. Further, there is no evidence in the record that Sifuentes is not guilty of the charge, and his attorney told the court Sifuentes was entering a plea and placing himself at the mercy of the court in order to spare the complainant's

family further grief. Considering the record as a whole, we have a fair assurance Sifuentes's decision to plead guilty would not have changed had the court orally admonished him that the maximum punishment for intoxication manslaughter was twenty years. Accordingly, any failure to substantially comply with article 26.13(a)(1) did not affect Sifuentes's substantial rights. *See Anderson*, 182 S.W.3d at 918. We therefore overrule the first point of error.

In his second point of error, Sifuentes contends the trial court's affirmative finding in each case that he used or exhibited a deadly weapon is barred by double jeopardy because the State "abandoned its right to have the truth of that fact established by the finder of fact." We disagree.

The indictment in each of the three cases charged two counts. In addition, the State filed and gave Sifuentes separate written notice of its intent to seek an affirmative finding of a deadly weapon in each case. At the commencement of the plea hearing, and before any plea was entered, the prosecutor announced, "We proceed on Count I in each case and waive and abandon all the other paragraphs and counts." The trial court began admonishing Sifuentes and then asked the State whether it was seeking deadly weapon findings. The following exchange occurred:

Prosecutor: Judge, two things: The State did file a motion to seek an affirmative finding back in August of 2006. We will ask the judge for that. Also, these cases under Texas Penal Code, Section 3.03, are stackable, and the State expects to ask for that as well. I know Mr. Sifuentes is aware of this, as is [defense counsel]. They have been over that. Obviously, the jury could sentence him; we could also ask to stack at that time as well. But they are both aware of these things.

Court: Okay. Then you're aware of all of that as well.

Sifuentes: Yes, sir.

Court: So, basically, if I make an affirmative finding, there is no community supervision available under any circumstances. You know that.

Sifuentes:        Yes, sir.

The court completed its admonishments and thereafter Sifuentes entered his pleas. Without addressing whether Sifuentes's contention would otherwise have merit, it fails because the State did not waive or abandon its right to seek a deadly weapon finding and the State's intent to seek the finding was clearly stated on the record before jeopardy attached. *See State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App.1991) (holding that for bench trials, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument). We overrule Sifuentes's second point of error and affirm the trial court's judgments.


                                                    Steven C. Hilbig, Justice

Do not publish